## LEIGH ELLIS & COMPANY *v.* DAVIS, AS AGENT, &c.

### ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT.

No. 246.　Argued January 18, 19, 1923.—Decided January 29, 1923.

1. Section 206 (a) of the Transportation Act, providing that actions against the agent designated by the President shall be brought not later than two years from the passage of the act, did not set aside a shorter limitation provided in existing bills of lading. P. 688.

2. A stipulation in a bill of lading that actions for loss, damage or delay shall be instituted only within two years and one day after delivery of the goods, or in case of failure to make delivery, then within two years and one day after a reasonable time for delivery has elapsed, is reasonable and valid. P. 689.

3. A decision of the Interstate Commerce Commission that such a stipulation was unreasonable, *held* not binding in this case. P. 689.

4. The reasonableness of such a limitation is a matter of law. P. 689.

5. When not affected by statute, a limitation prescribed by con- tract like the above, applies to the action which is prosecuted to judgment and is not extended by the bringing of a previous action. P. 689.

6. An agreement limiting the time for bringing actions against the carrier " for loss, damage or delay " of goods shipped, applies to claims that the goods delivered were short of the weight specified in the bills of lading. P. 689.

276 Fed. 400, affirmed.

ERROR to a judgment affirming a judgment of the Dis- trict Court dismissing the petition in an action by the

transferee of bills of lading for failure to deliver the full weight of cotton covered by them.

*Mr. Edgar Watkins* for plaintiff in error.

The Transportation Act 1920, § 206 (a), makes the limitation in this case " within the periods of limitation now prescribed by state or federal statutes but not later than two years from the date of the passage of this Act." The only federal statute that could apply is that contained in Jud. Code, § 24, par. 20. If the federal statute does not apply, that of the State of the forum must apply both by the terms of § 206 (a) and under the decisions of this Court. *Chattanooga Foundry & Pipe Works* v. *Atlanta,* 203 U. S. 390; § 1538, Rev. Stats. The shortest applicable Georgia statute is four years. Code § 4368; *Southern Express Co.* v. *Sinclair,* 135 Ga. 155. The applicable Alabama statute prescribes a limitation of six years. Code §§ 2615, 4832, 4835 (4); *Alabama, etc., R. R. Co.* v. *Eichofer,* 100 Ala. 224. Apply any of these statutes, and the case is not barred.

Section 206 (a) of the Transportation Act supersedes all other limitations. To deprive plaintiff in error of its rights under this section by holding that the time within which it had to bring suit was governed by a clause in the bills of lading, would require this Court in effect to read into the section words which are not there.

No convincing justification can be advanced for an interpretation which ignores the express words used and deprives plaintiff in error of its rights. Bearing in mind that the purpose of the section was to afford relief to citizens for damages done them by their government, it is clear that a liberal construction is more consonant with justice and more in keeping with the purpose of Congress than an interpretation which deprives citizens of their just rights under a plain statute and defeats the expressed object of Congress.

The carriers have filed their tariffs including bills of lading with the Interstate Commerce Commission and the provisions thereof are binding on all contracts of shipments of property, whether or not a bill of lading is actually issued. *Lazarus* v. *New York Central R. R. Co.*, 271 Fed. 93; 278 Fed. 900. Therefore, if the narrow interpretation of the lower courts is affirmed, § 206 (a) can apply only to "causes of action" for personal injuries and for damages to property arising other than in transportation. Such an interpretation results in causes of action being excluded from the section although included in the express words of the statute.

Contracts made by the Director General and shippers were between the government and the shippers. *Missouri Pacific R. R. Co.* v. *Ault*, 256 U. S. 554. The lower courts in this case have not taken this fact into consideration. *Lazarus* v. *New York Central R. R. Co.*, 271 Fed. 93; 278 Fed. 900, distinguished.

This Court judicially knows that prior to the Transportation Act, 1920, shippers with claims against the Government arising out of federal control of the railroads were uncertain how and where to bring suit against the Government, as is reflected by the conflicting decisions of the lower federal courts. At the time the original suit in this case was filed many courts had held that the statutory venue fixed by § 10 of the Federal Control Act controlled, while other courts had held that General Order No. 18 of the Director General controlled. This conflict was not finally settled by this Court until its decision in *Alabama & Vicksburg Ry. Co.* v. *Journey*, 257 U. S. 111. These facts were before Congress when it passed § 206 (a), and since Congress granted the right to sue and in the same statute prescribed a limitation period, it is a proper assumption that Congress thought a longer period of limitations on claims arising during federal control was desirable to afford all claimants an adequate opportunity to

enforce their rights. The intention of Congress was to fix a general statute of limitations applicable to all claims against the Government arising out of federal control so that equal justice might be meted out to all.

The suit here is not for a failure to deliver property received by a carrier, but for the wrong of the carrier in issuing a false bill of lading.

The words " loss " and " damage " are broad in their signification, and " damage " might itself be broad enough to include the right to recover for any breach of a legal duty. These words, however, in transportation, have a conventional meaning clearly apparent from the context, and the particular contract sued on here shows definitely such a meaning and a definite limitation.

If there be any doubt as to the construction of the limitation clause, the doubt should be resolved against the limitation. *Lynchburg Cotton Mill Co. v. Travelers Insurance Co.,* 140 Fed. 718; *Express Co.* v. *Caldwell,* 21 Wall. 264.

The contract provision limiting the time for suit is under the facts pleaded unreasonable and void. *Decker & Sons* v. *Director General,* 55 I. C. C. 453. The effect of the decision of the Interstate Commerce Commission is to nullify all contract limitations then and theretofore contained in the bills of lading.

It is not doubted and has frequently been held that the period of two years in which suits may be filed is ordinarily a reasonable provision, but the peculiar circumstances in this case, which are similar to the facts considered by the Commission, show that even if the contract limitation is applied, it is unreasonable. The Director General, whom the present agent of the United States succeeds, and all the railroads of the country were parties to the judgment of the Commission in the *Decker Case, supra.*

The decision of the Commission holding the particular contract limitation here relied upon to be unreasonable,

void and in violation of the Act to Regulate Commerce, becomes the law unless set aside in a direct proceeding. No such proceeding has been brought and that decision is now the law binding on all courts. *Interstate Commerce Commission* v. *Union Pacific R. R. Co.*, 222 U. S. 541; *Atchison, Topeka & Santa Fe Ry. Co.* v. *United States*, 232 U. S. 199.

The United States, the real party in interest, by act of Congress, fixed the statute of limitation and granted the right to file this suit. By that statute the United States disregarded, repealed and set aside any contract limitation. Further, the United States waived the limitation by the representations made by the Director General in *Decker* v. *Director General*, 55 I. C. C. 455, 456.

The filing of a former suit containing essentially the same allegations as this suit tolled the statute of limitations. Plaintiff filed its first suit within two years from the dates of the bills of lading. The first suit was dismissed because in fixing the venue, § 10 of the Federal Control Act was literally followed and the orders of the Director General were not. *Ellis* v. *Atlanta, B. & A. Ry. Co.*, 270 Fed. 279. The false bills of lading were issued March 25, 26, 1918. A claim for the amount sued on was filed April 23, 1918. That claim was finally denied July 28, 1919. The suit now before the Court was filed January 29, 1921. *Semmes* v. *Insurance Co.*, 13 Wall. 158; *Rogers* v. *Home Insurance Co.*, 95 Fed. 109.

If the facts found by the Commission are true,—and we think the law conclusively presumes they are,—the claimed limitation provisions are void; if the findings of the Commission are not conclusive, the issue is one for a jury.

Order bills of lading are made negotiable by act of Congress. Act of August 29, 1916, c. 415, 39 Stat. 538; Roberts, Federal Liability of Carriers, § 351; *Chicago, R. I. & P. Ry. Co.* v. *Cleveland*, 61 Okla. 64; *Wichita*

*Falls Co.* v. *Moody & Co.,* 154 S. W. 1032, 1044; *Thompson* v. *Hibernia Bank & Trust Co.,* 148 La. 57; *Yazoo & Mississippi Valley R. R. Co.* v. *Bent,* 94 Miss. 681; *Lloyd* v. *Kansas City, M. & B. R. R. Co.,* 88 Miss. 422; *Pollard* v. *Reardon,* 65 Fed. 848; *National Bank* v. *Kershaw Oil Mill,* 202 Fed. 90; *Chicago, M. & St. P. Ry. Co.* v. *McCaull-Dinsmore Co.,* 253 U. S. 97; *Atlantic Coast Line R. R. Co.* v. *Luke & Fleming,* 20 Ga. App. 761; *Louisville & Nashville R. R. Co.* v. *Pferdmenges, Preyer & Co.,* 8 Ga. App. 81; *Illinois Central R. R. Co.* v. *Doughty,* 10 Ga. App. 317; *American National Bank* v. *Georgia R. R. Co.,* 96 Ga. 665.

Sections 20 and 21 of the Bills of Lading Act, *supra,* were inapplicable to these shipments.

If the words " weight (subject to correction)" had any meaning in the bills of lading sued on, they meant only such reasonable differences in named and actual weights as would ordinarily occur in twice weighing the same commodity.

Under the facts, it was error to dismiss the case because if the law is not as contended for by plaintiff in error, the facts pleaded require submission to a jury of both issues.

*Mr. Walter T. Colquitt,* with whom *Mr. Morris Brandon, Mr. John A. Hynds* and *Mr. A. A. McLaughlin* were on the brief, for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is a suit upon two bills of lading for failure to deliver the full amount of cotton covered by them. The plaintiffs allege that they purchased the bills at a rate determined by the number of pounds specified in the bills but that on delivery it turned out that the weight of one hundred bales covered by one of the bills was 15,312

pounds short, and that of two hundred bales covered by the other was 11,527 pounds short. The two hundred bales were delivered to the carrier on March 25, 1918, and the one hundred on March 26, 1918, when the railroads were under federal control. A claim for this loss was made to the Atlanta, Birmingham & Atlantic Railroad, the road over which the cotton was sent, on April 25, 1918, and denied by the Road on July 28, 1919. This suit was begun on January 29, 1921, more than two years and a day after the short delivery. The bills of lading which were in the same general form provided that " suits for loss, damage or delay shall be instituted only within two years and one day after delivery of the property, or in case of failure to make delivery, then within two years and one day after a reasonable time for delivery has elapsed." They also stated the weight " subject to correction." The District Court after careful consideration dismissed the petition upon demurrer, on the ground that the suit was too late under the quoted words of the contract, and also on the merits. 274 Fed. 443. The Circuit Court of Appeals affirmed the judgment, adopting the opinion below as to the time within which the suit must be brought. 276 Fed. 400.

We find it unnecessary to consider other defences besides the contract limitation, as we agree with the Courts below that that disposes of the case. The main objection urged is that the contract is overridden by § 206(a) of the Transportation Act, February 28, 1920, c. 91, 41 Stat. 456, 461, giving actions in cases like this against an agent designated by the President, and providing that they may be brought within the periods of limitation now prescribed by state or federal statutes, but not later than two years from the date of the passage of the act. The contention is supported with some ingenuity but we think it enough to observe that the general purpose was to limit not to extend rights of action and that we

cannot suppose that it was intended to invalidate existing contracts good when made. *New York Central R. R. Co.* v. *Lazarus,* 278 Fed. 900; *William F. Mosser Co.* v. *Payne* (W. Va.), 114 S. E. 365; *Northern Milling Co.* v. *Davis* (Wisc.), 190 N. W. 351. In our opinion this contract was good when made. The time allowed was reasonable. *Missouri, Kansas & Texas Ry. Co.* v. *Harriman,* 227 U. S. 657, 672. *Texas & Pacific Ry. Co.* v. *Leatherwood,* 250 U. S. 478, 481. We agree with the District Court that *Decker & Sons* v. *Director General,* 55 I. C. C. 453, should not be understood or allowed to contravene our conclusion, upon the facts here. The statutes of the States where the goods were shipped and the suit was brought do not affect the contract, and the reasonableness of the limitation is a matter of law; *Missouri, Kansas & Texas Ry. Co.* v. *Harriman,* 227 U. S. 657, 672, so that the bringing of a previous suit, alleged in the declaration, does not save the case. *Riddlesbarger* v. *Hartford Insurance Co.,* 7 Wall. 386.

The only other argument that seems to us to need notice is that the claim is not within the words of the limitation. But it is of the kind that the clause " suits for loss, damage or delay " manifestly intended to limit and we see no reason why it should not be included under the head of loss.

*Judgment affirmed.*