No. 24,919.

THE STEVENS-SCOTT GRAIN COMPANY, *Appellant*, v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, *Appellee.*

SYLLABUS BY THE COURT.

COMMON CARRIER—*Action for Damages Under Federal Bill of Lading Act—Time Within Which Claim for Damages Must Be Presented.* An action for damages, based upon an order bill of lading issued under the federal bill of lading act, cannot be maintained unless a claim for such loss or damage is presented to the carrier within four months after the shipment is delivered.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed January 12, 1924. Affirmed.

*J. Graham Campbell,* and *Ray Campbell,* both of Wichita, for the appellant.
*Luther Burns, John E. DuMars,* both of Topeka, and *W. F. Lilleston,* of Wichita, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action for loss alleged to have been sustained because defendant issued an order bill of lading incorrectly describing the quantity of wheat in a car. The case was tried to

the court on an agreed statement of facts, judgment was rendered for defendant, and plaintiff has appealed.

The agreed facts show that on October 22, 1920, defendant issued at Kansas City, Mo., to the Pierson-Lathrop Grain Company, a shipper's order bill of lading for one car of bulk wheat, destination Galveston, Texas, containing 88,000 pounds. This was issued under the federal bill of lading act (39 U. S. Stat. 441), which requires the issuing of such bills of lading in triplicate. While the original bill of lading described the quantity of wheat as 88,000 pounds, the duplicate and triplicate bills described the quantity as 66,000 pounds. The bill of lading passed through the hands of several grain companies, some of whom indorsed it, and was surrendered by Wallingford Bros. at Galveston, when the car was unloaded December 4, 1920, and at that time the car contained 65,770 pounds of wheat. It seems that Wallingford Bros. collected for the difference in weight from the grain firm that indorsed to them and they from prior indorsers. On January 17, 1921, plaintiff was called upon by its indorsee to pay the difference, which it did. Thereafter it made some investigation at Kansas City and discovered that the duplicate bill of lading described the quantity of wheat as 66,000 pounds. Later it applied to the defendant company for permission to inspect the original bill of lading, which was granted. Thereafter, and on November 12, 1921, plaintiff filed its claim with the defendant for its loss. The form of the bill of lading in question is prescribed by the interstate commerce commission under the authority of the bill of lading act and the act to regulate commerce, and amendments thereto, and contains the following provision:

"Except in cases where the loss, damage or injury complained of is due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, claims must be made in writing to the carrier at the point of delivery or at the point of origin within four months after delivery, or within four months after a reasonable time for delivery has elapsed. Suits for recovery of claims for loss, damage or delay, shall be instituted only within two years after delivery of the property, or in case of failure to make delivery, then within two years after a reasonable time for delivery has elapsed."

Appellant concedes that he did not present his claim within the four months required by the statute and by the bill of lading, but he contends that the loss claimed by him is of a character different from that covered by the provision in the bill of lading. That it is a loss resulting from an issue by defendant of a negotiable instrument.

We think there is no merit in appellant's contention; that whatever the form of the bill of lading, a claim of damages for shortage in the quantity of merchandise is a claim for loss which, under the bill of lading, must be presented within four months. Substantially the same question was before the court in *Leigh Ellis & Co. v. Payne,* 274 Fed. 443, and in the same case in the supreme court, *Ellis v. Davis,* 43 Sup. Ct. Rep. 243, 260 U. S. 682, where it was said:

"A claim by the purchaser of goods in shipment against the carrier for a shortage in the weight of the goods below that stated in the bill of lading is a 'claim for loss' within the provisions of the bill of lading requiring suits for loss, damage, or debt to be brought within two years."

There was some correspondence between plaintiff and defendant before this action was commenced and it is contended by appellant that the filing of the claim within four months was waived by certain letters written by the defendant, but these letters were written in June, 1922, long after the four months had expired, and certainly could not affect the matter. Moreover, the defendant could not waive the filing of the claim without violating the federal statute against discrimination in freight rates between shipments. In *Georgia, Fla. & Ala. Ry. v. Blish Co.,* 241 U. S. 190, it was said:

"Parties to the contract of an interstate shipment by rail made pursuant to the Act to Regulate Commerce cannot waive its terms; nor can the carrier by its conduct give the shipper the right to ignore such terms and hold the carrier to a different responsibility than that fixed by the agreement made under the published tariffs and regulations."

The judgment of the court below is affirmed.