MARK COLBURN, APPELLEE, V. JAMES C. DAVIS, DIRECTOR GENERAL, APPELLANT.

FILED JANUARY 15, 1924. No. 22562.

1. Carriers: ACTIONS: LIMITATION. "A provision in a bill of lading requiring actions for loss or damage to be brought within two years and one day after the delivery of the goods or the lapse of a reasonable time for delivery is reasonable and valid." *Ellis v. Davis*, 260 U. S. 682.

2. ———: ———: ———: QUESTION OF LAW. "The reasonableness of the limitation of time to sue specified in the bill of lading is a question of law." *Ellis v. Davis*, 260 U. S. 682.

APPEAL from the district court for Douglas county: CARROLL O. STAUFFER, JUDGE. *Reversed and dismissed.*

*C. A. Magaw, Thomas W. Bockes* and *Douglas F. Smith,* for appellant.

*Brogan, Ellick & Raymond* and *John U. Loomis,* contra.

Heard before MORRISSEY, C. J., LETTON, DAY, GOOD and DEAN, JJ., REDICK, District Judge.

DEAN, J.

Plaintiff sued to recover from James C. Davis, director general of railroads, $213.33, the agreed value of two head of live stock alleged to have been lost from an interstate shipment of two carloads of cattle, consisting of 56 head, which were shipped by plaintiff from Sterling, Idaho, to Omaha, Nebraska. Plaintiff recovered a verdict and judgment for the amount claimed, and defendant appealed.

The cattle were shipped from the initial point February 28, 1918, and the shipment, less the two missing animals, was sold at Omaha March 7, 1918, which was the date of its arrival. The petition was filed January 10, 1921, so that almost three years elapsed between the date of the arrival and sale of the shipment and the date of beginning the action.

The bill of lading in suit contains this among other provisions:

"All actions to recover any claims or damages shall be commenced within two (2) years after the completion of the transportation herein provided for, or in case of failure to make delivery, then within two (2) years after a reasonable time for delivery has elapsed, and a failure to comply with any of the provisions of this clause of the contract shall be a bar to the recovery of any and all such claims or damages, any statute of limitations to the contrary notwithstanding."

The director general pleaded the foregoing provision of the bill of lading and contends that the action is barred because it was not begun within the time limited by the contract.

The main question before us was decided, in a similar case by the supreme court of the United States in *Ellis v. Davis,* 260 U. S. 682, in an opinion by Mr. Justice Holmes. In that case the bill of lading contained this provision:

"Suits for loss, damage or delay shall be instituted only within two years and one day after delivery of the property, or in case of failure to make delivery, then within two years and one day after a reasonable time for delivery has elapsed."

The court there held that the provision requiring actions for loss or damage to be brought within the time named in the bill of lading is reasonable and valid.

In the *Ellis* case, as in the case before us, plaintiff relied upon the federal transportation act of February 28, 1920 (41 U. S. St. at Large, ch. 91, sec. 206 (a), pp. 456, 461). But the *Ellis* case had not been decided when this case was tried and the learned trial court, in the absence of that decision, held that the federal transportation act controlled the facts involved here.

In respect of the claim of the plaintiff in the *Ellis* case Mr. Justice Holmes observed:

"We find it unnecessary to consider other defenses besides the contract limitation, as we agree with the courts below that that disposes of the case. The main objection urged is that the contract is overridden by section 206 (a) of the transportation act, Feb. 28, 1920, ch. 91, 41 U. S. St. at Large, 456, 461, giving actions in cases like this against an agent designated by the president, and providing that they may be brought within the periods of limitation now prescribed by state or federal statutes, but not later than two years from the date of the passage of the act. The contention is supported with some ingenuity but we think it enough to observe that the general purpose was to limit not to extend rights of action and that we cannot suppose that it was intended to invalidate existing contracts good when made. * * * The statutes of the states where the goods were shipped and the suit was brought do not affect the contract, and the reasonableness of the limitation is a matter of law."

With plaintiff's argument that the director general did not sufficiently plead the contract limitation we do not agree. As hereinbefore noted the limitation in the bill of lading upon which defendant relies was aptly pleaded in the answer and in the absence of a motion for a more specific statement the plea was sufficient.

It may be added that plaintiff complied with a provision in the bill of lading which stipulates that the shipper shall

serve notice of loss on defendant within 90 days after the loss is discovered. This notice was served within 60 days after the date of delivery of the shipment. So that it appears that plaintiff knew of the loss in ample time before the expiration of the period within which to begin suit under his contract.

Other defenses are urged by defendant which we do not find it necessary to discuss in view of the rule announced in the *Ellis* case, which controls the decision here.

The judgment is reversed, with directions that the suit be dismissed.

REVERSED AND DISMISSED.