## FIRST NAT. BANK OF CHICAGO v. ROGERS, BROWN & CO.

(District Court, W. D. Washington, N. D.   May 17, 1924.)

No. 195–E.

1. **Carriers ☞160—Claim of shipper for damages, though action thereon is barred by limitation under bills of lading, may be set off against claim of carrier for freight.**

The claim of a shipper for damages, though under the terms of the bills of lading action thereon is barred by limitation, may be set off by a receiver against claims of the carrier for freight.

2. **Limitation of actions ☞41—Set-off against claim of United States arising out of federal operation not barred by limitation.**

While Transportation Act 1920, § 206 (Comp. St. Ann. Supp. 1923, § 10071¼cc), bars an action against the Agent on a cause of action arising out of government operation of the railroads in two years after passage of the act, it does not bar the right to offset against a claim of the government arising out of such operation a demand also arising out of that operation, where the right is given by a state statute, as by Pierce's Code Wash. § 8353 (Rem. Code Wash. 1915, § 266).

In Equity.  Suit by the First National Bank of Chicago against Rogers, Brown & Co., a corporation.  On petition by receiver for instructions in the matter of claims by and against the United States arising out of the operation of railroads.

See, also, 284 Fed. 921.

It appears certain claims against the defendant company were filed on behalf of the United States for freight charges accruing during the government operation of railroads, one of which is a claim by the New York Central Railroad arising out of a shipment of freight moving from Seattle in December, 1919, in the sum of $162.96, which claim has been allowed by the receiver of respondent company.  Before the receivership there were outstanding in favor of the defendant company certain claims arising for loss and damage to shipments moving over railroads under government operation, one of which moved over the New York Central Railroad.  The amount of the claim was $531.91.  The claim agent of the railway company suggested to the receiver that he would recommend payment of 50 per cent. of the claim, if the receiver would accept it.  It was accepted, the matter referred to the Attorney General for the railway, and he advised that the claim could not be paid, suit not having been brought thereon prior to March 1, 1922, at which time claims not sued were barred by the act of Congress.  The receiver asserts the right to offset his claim against that of the railway company, and also claims the right to offset the excess of his claim against other claims filed on account of railroads other than the New York Central for and on behalf of the United States.

It is contended by the receiver that he has this right, while the railroad company, which prepared and filed a memorandum of authorities, contends that the claim is barred—"is dead"—and further contends that the bill of lading under which all of the goods were shipped contained the clause: "Except where the loss, damage, or injury complained of is due to delay or damage while being loaded or unloading, or damaged in transit by carelessness or negligence, as conditions precedent to recovery, claims must be made in writing to the originating or delivering carrier within six months after delivery of the property * * * or in case of failure to make delivery, then within six months * * * after a reasonable time for delivery has elapsed; and suits for loss, damage or delay shall be instituted only within two years and one day after delivery of the property, or in case of failure to make delivery, within two years and one day after a reasonable time for delivery has elapsed."

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

F. S. Bayley, of Seattle, Wash., for receiver.

F. M. Dudley and A. J. Laughon, both of Seattle, Wash., for James C. Davis, Director General, as Agent.

NETERER, District Judge (after stating the facts as above). [1] The Supreme Court, in Leigh Ellis & Co. v. Davis, 260 U. S. 682, 43 Sup. Ct. 243, 67 L. Ed. 460, has held that a stipulation in a bill of lading that actions for loss, damage, or delay shall be instituted only within two years and one day after delivery of the goods, or in case of failure to make delivery then within two years and one day after a reasonable time for delivery has elapsed, is reasonable and valid. If this were an action prosecuted on the part of the receiver to recover, the provisions in the bill of lading would determine the issue, irrespective of statute. The Eldridge (D. C.) 295 Fed. 696.

[2] The Supreme Court, in E. I. Du Pont de Nemours & Co., Petitioner, v. James C. Davis, etc., 44 Sup. Ct. 364, 68 L. Ed. ——, decided April 7, 1924, says that the period of limitation fixed by Transportation Act, § 206 (Comp. St. Ann. Supp. 1923, § 10071¼cc), relates only to actions, suits, and proceedings brought against an agent to be designated by the President for that purpose, and fixes as the period of limitation that now prescribed by state or federal statutes, but not later than two years from the passage of the act. It seems clear from this that the purpose of this section was clearly to fix a limitation in which actions shall be brought. It is not a statute of creation, fixing a limit within which the right created must be asserted. It fixes the limitation as that prescribed by the state within which the claim arose, or federal statutes, but not longer than two years from the passage of the act. While action could not be brought upon the claim, the right to offset the demand, however, is given by state statute. Pierce's Code, § 8353, Rem. Codes & Stats. of Wash. § 266. The Supreme Court of Washington, in Buck v. Equitable Life Ins. Co., 96 Wash. 683, 165 Pac. 878, held that statutes of limitation bar actions, but not defenses to actions; if a cause of action exists in favor of a party, the debtor may offset any demand within the provisions of law. The money due from the receiver belongs to the government of the United States. In re Tidewater Coal Exchange (C. C. A.) 280 Fed. 648.

Under the Federal Control Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 3115¾a–3115¾p) the railroads were operated as one national system of transportation. The President, under the authority vested, took possession and assumed control by proclamation December 28, 1917, appointed a Director General, and on December 31, 1917, the railroads passed under the control of such Director General. Under the Act of March 21, 1918, 40 Stat. 450 (section 3115¾a et seq., supra, it was provided that the roads should be subject to all laws and liabilities as common carriers, whether created by common law, state, or federal law, and claims could be enforced in the courts provided by law. On October 28, 1918, a general order was issued requiring all suits to be brought against the Director General. After the assumption by the government it was responsible for its opera-

tion, liable for the negligence of its employees; negligence on the part of the employees of any road was in law the negligence of the Director General, and hence of the government. By the Act of February 28, 1920, 41 Stat. 456 (Transportation Act 1920 [Comp. St. Ann. Supp. 1923, § 10071¼ et seq.]), federal control ceased on March 1, 1920. The act sets apart funds for the settlement of all disputes and judgments incident to federal control.

It is apparent the money from the receiver is due to the United States. The claim of the receiver is obviously against the government, and a fund is created to liquidate it when established. The claim of the government arises out of the relation of the defendant company to the railroads during its control, and the claim of the receiver arises out of the same transactions, and obviously it should be offset against claims held by the government against the receivership. Davis v. Alexander (Okl. Sup.) 220 Pac. 358.