HANKINS *v*. PAYNE.

1. COMMERCE—FEDERAL DECISIONS GOVERN IN ACTION FOR DAMAGES TO INTERSTATE SHIPMENT IN TRANSIT.

In an action for damages in transit to an interstate shipment of beans, Federal decisions govern as to whether the action was barred by a provision in the bill of lading barring action therefor if not brought within two years.

2. CARRIERS—AGREEMENT IN BILL OF LADING LIMITING PERIOD TO BRING ACTION FOR DAMAGES VALID—FEDERAL TRANSPORTATION ACT.

An agreement in an interstate bill of lading that any action for damages in transit should be brought within two years is valid, and was not invalidated by the subsequent passage of the transportation act (41 U. S. Stat. p. 456).

3. SAME—NOTICE OF CLAIM—LIMITATION PERIOD TO BRING ACTION FOR DAMAGES NOT EXTENDED BY NOTICE.

Notice of claim, not being a condition precedent to right of action for damages to an interstate shipment in transit due to carelessness of the carrier, because it is assumed it is aware of its own fault, the giving of such notice did not serve to extend the period within which to bring action.

4. SAME—WHERE ACTION NOT BROUGHT WITHIN LIMITATION PERIOD VERDICT PROPERLY DIRECTED FOR DEFENDANT.

Where an action for damages to an interstate shipment of beans in transit was not brought within the two-year period limited in the bill of lading, the trial court properly directed a verdict in favor of defendant.

Error to Washtenaw; Sample (George W.), J. Submitted April 13, 1927. (Docket No. 87.) Decided June 6, 1927.

Assumpsit by A. J. Hankins against John Barton Payne, agent of United States railroad administration

---

[1]Courts, 15 C. J. § 318; [2]Carriers, 10 C. J. § 505; [3]Id., 10 C. J. §§ 474, 505 (Anno); [4]Id., 10 C. J. § 602.

operating the Ann Arbor Railroad, for damages to beans in transit. Judgment for defendant on a directed verdict. Plaintiff brings error. Affirmed.

*Conlon & Morse,* for appellant.

*Cavanaugh & Burke,* for appellee.

WIEST, J. This is a suit upon a bill of lading for damage, in transit, to a car load of beans shipped by plaintiff from Elsie, this State, to Baltimore, Maryland, over the Ann Arbor Railroad, initial carrier. The beans were shipped February 13, 1918, and arrived in Baltimore March 18, 1918, damaged by water. Plaintiff sold the beans for what he could get and presented a claim for his loss. No adjustment was made, and this suit was commenced August 7, 1920. Plaintiff, at the trial, showed delivery of the beans in good condition to the initial carrier. At the opening of the trial the court discharged the defendant railroad on the ground that when the cause of action accrued the railroad was under control of the United States railroad administration pursuant to the act of congress and the proclamation of the President. No error is assigned on such ruling. At the close of plaintiff's evidence a motion was made, on several grounds, for a directed verdict in favor of the other defendant. This motion was later granted and plaintiff sued out a writ of error.

We need decide but one point. The suit not having been brought within two years and a day after the cause of action accrued, was the action barred by the following provision in the bill of lading:

"Except in cases where the loss, damage, or injury complained of is due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, claims must be made in writing to the carrier at the point of delivery or at the point of origin within four months after delivery of the

property, or in case of failure to make delivery, then within four months after a reasonable time for delivery has elapsed. Suits for recovery of claims for loss or damage (notice of which is not required, and which are not made in writing to the carrier within four months as above specified), shall be instituted only within two years after delivery of the property, or in case of failure to make delivery, then within two years after a reasonable time for delivery has elapsed. (No claims not in suit will be paid after the lapse of two years as above, unless made in writing to the carrier within four months as above specified.)"

The shipment being interstate, Federal decisions govern. Counsel for plaintiff admit that the claim was not required, by the bill of lading contract, to be filed, but say a claim was filed within four months and this saved plaintiff from the two-year limitation in which to bring suit.

In *Ellis & Co.* v. *Davis*, 260 U. S. 682 (43 Sup. Ct. 243), the two-year stipulation was held valid and barred an action under a bill of lading contract antedating the transportation act of February 28, 1920 (41 U. S. Stat. p. 456, chap. 91).

The damage was in transit and no claim had to be filed but suit had to be instituted within two years.

Counsel for plaintiff cite *Louisiana, etc., R. Co.* v. *Gardiner*, U. S. Adv. Ops. 1926, 27, p. 454 (47 Sup. Ct. 386). In that case the bill of lading was issued after the transportation act of February 28, 1920, became effective and the decision recognizes the ruling in *Ellis & Co.* v. *Davis, supra,* governing contracts antedating the transportation act. The contract in the suit at bar was valid and the agreed limitation was not invalidated by the transportation act.

Plaintiff also claims the contract, and especially the last provision thereof, means that if a claim is made, in writing, within four months, whether such a claim is required to be so made or not, the two-year limita-

tion does not apply. We cannot give such meaning to the contract. Notice is a condition precedent to right of action with respect to certain claims. But not so in case of damage in transit by carelessness of the carrier, for it is assumed the carrier is aware of its own fault. The notice given, but not required, did not serve to extend the period within which to bring suit.

The judgment is affirmed, with costs to defendant, John Barton Payne, agent.

Sharpe, C. J., and Bird, Snow, Steere, Fellows, Clark, and McDonald, JJ., concurred.