## SCHNELL et al. v. UNITED STATES.

Circuit Court of Appeals, Second Circuit.
February 4, 1929.

No. 165.

Charles H. Tuttle, U. S. Atty., of New York City (William E. Collins, Sp. Asst. U. S. Atty., of New York City, of counsel), for the United States.

Joffe & Joffe, of New York City (Joseph Joffe, of New York City, of counsel), for appellees.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge. This suit seeks to recover cargo damages to onions shipped from Buenos Aires, Argentine, to New York City, N. Y., on March 3, 1922. The cargo arrived on March 24, 1922, and some of the 2,200 cases, although shipped in good condition, were damaged when landed. We need not consider the merits of the controversy as to what caused the damage, or whether the vessel was negligent in the stowage, because the failure to file this suit within three months after giving notice of claim, as required by a condition of the bill of lading, is fatal to its maintenance. Clause 15 of the bill of lading provides: "The carriers shall not be liable for any claim whatsoever unless written notice thereof shall be given to the carrier before removal of the goods from the wharf. No suit to recover for loss or damage shall in any event be maintainable against the carrier unless instituted within three months after the giving of written notice, as above provided. No agent or employee shall have authority to waive any of the requirements of this clause." Notice of claim was filed March 25, 1922. The libel was not filed until June 29, 1922. These dates are not in dispute. While the Admiralty Act of March 9, 1920 (chapter 95, § 5, 41 Stat. 525 [46 USCA § 745]) grants two years after the cause of action arises to institute suits, still the parties may contract to a lesser period, and such clauses found in the bills of lading are regarded as reasonable. M., K. & T. Ry. Co. v. Harriman, 227 U. S. 657, 33 S. Ct. 397, 57 L. Ed. 690; Turret Crown (C. C. A.) 284 F. 439; The Susquehanna (C. C. A.) 296 F. 461. The Suits in Admiralty Act was not intended to invalidate existing contracts, good when made. Leigh Ellis & Co. v. Davis, 260 U. S. 682, 43 S. Ct. 243, 67 L. Ed. 460. The appellees are under the burden of showing compliance with this provision of the bill of lading before they can succeed. The Cudahy Packing Co. v. Munson S. S. Line (C. C. A.) 22 F.(2d) 898; The General Geo. W. Goethals (C. C. A.) 298 F. 935; The San Guglielmo (C. C. A.) 249 F. 588; The Persiana (C. C. A.) 185 F. 396.

The answer did not plead as a defense the commencement of the action after the three months period. But it was amply established at the trial that the suit was not commenced until after the three months period. An application was made and denied to amend the answer, so as to plead this defense. In view of the state of the record at that time, it was an abuse of discretion to refuse the amendment. The appellant's delay in pleading this defense in no way prejudiced the appellees. Nor did it waive the defense. Correspondence or pending negotiations may have constituted a waiver. The W. R. Grace & Co. v. Panama R. Co. (C. C. A.) 12 F.(2d) 338. But there were none. The bill of lading, specifying the limitation of three months, was in the appellee's hands when the pleadings were drawn and the libel was filed. It is not enough to say that there was substantial compliance with the provisions of the bill of lading. The record established that the suit was brought too late, and it will not sustain the decree below. Atlantic Coast Line R. Co. v. Burnette, 239 U. S. 199, 36 S. Ct. 75, 60 L. Ed. 226; The Harrisburg, 119 U. S. 199, 7 S. Ct. 140, 30 L. Ed. 358.

The decree is reversed, with directions to dismiss the libel, with costs.