TRIBBY, Appellant, v. CHICAGO & NORTHWESTERN
RY. CO., Respondent.

(264 N. W. 185.)

(File No. 7839. Opinion filed December 21, 1935)

A. W. W. Devers, of Sturgis, and Dan McCutcheon, of Belle
Fourche, for Appellant.

Churchill & Benson, of Huron, for Respondent.

POLLEY, J. This action was brought to recover damages
caused by negligent handling of a shipment of livestock shipped by
plaintiff over defendant's railroad from Sturgis, S. D., to Omaha,
Neb.

Plaintiff filed his claim for damages against defendant on the
15th day of October, 1929. The claim was rejected and suit was
commenced thereon on the 19th day of August, 1930. From a
judgment for plaintiff, defendant appealed to this court. The
judgment was reversed and the case was sent back for retrial. 62
S. D. 154, 252 N. W. 20. Subsequently the case was dismissed
without prejudice. This occurred on the 30th day of June, 1934,
and immediately thereafter, July 5, 1934, this action was com-
menced, based upon the same cause of action that was the basis of

the former action. As a defense, defendant pleaded the 2-year limitation contained in the shipping contract signed by the plaintiff when the shipment was made.

The shipping contract, designated as the "bill of lading," entered into by plaintiff and defendant contains the following provision: "Suits for loss, damage, injury or delay shall be instituted only within two years and one day after delivery of the livestock, or in the case of failure to make delivery, then within two years and one day after a reasonable time for delivery has elapsed. Provided that in case the claim on which suit is based was made in writing within six months, or nine months in the case of export traffic (whether or not filing of such claim is required as a condition precedent to recovery) suit shall be instituted not later than two years and one day after notice in writing is given by the carrier to the claimant that the carrier has disallowed the claim or any part or parts thereof specified in the notice."

It is defendant's contention that the notice of disallowance as above mentioned was given not later than the 24th day of May, 1930. This claimed notice consists of the following language found in a letter written by defendant's claims agent to plaintiff on the 20th day of May, 1930, to wit: "However, to give you the benefit of any doubt on the claim, I will be willing to send you a check for $300. Please advise me if you wish to accept this amount in full settlement of the two claims."

To this letter plaintiff replied by letter dated May 24th, in part as follows: "Please be advised that we are not in a position and cannot accept your offer of settlement. You are further advised that if you consider your offer as final, we will proceed immediately with our action. The matter has been delayed for so long a time that we must ask that we hear from you immediately, and failure in this we will consider your present offer as final and will proceed with action."

On May 27th, defendant wrote plaintiff a letter in which the following statement is made: "The writer personally investigated this matter and we have information in our files showing that these shipments checked out just as shown in my letter of May 20th. Under these circumstances do you not consider that our offer is fair?"

To this letter plaintiff replied on May 30th, among other things, as follows: "As stated in our letter of May 24th if this is your summary of the damages to these seven loads of horses, we will proceed with action to recover what we consider is reasonable under the circumstances."

And on the 19th day of August following, the former action was commenced.

Plaintiff now contends that there was nothing contained in the above letters of the defendant that constitutes a disallowance of the claim such as mentioned in the bill of lading or that set the limitation contained therein in motion.

We do not agree with this contention. True, defendant does not state in so many words, nor in the language contained in the bill of lading, that plaintiff's claim was disallowed either in whole or in part, but we think it is sufficient to convey the understanding that such was defendant's meaning, and that it was so understood by the plaintiff is clear from the fact that he immediately commenced his action.

July 5, 1934, the date on which this action was commenced, was more than 2 years after the disallowance of plaintiff's claim, and defendant contends that the action is barred by the 2 years' limitation contained in the bill of lading, and cannot now be maintained. On the other hand, plaintiff contends that the time within which the action could be commenced is governed by our statute of limitations, under which he has 6 years in which to bring his action, and whether the time for bringing the action is to be governed by the statute of limitations of this state or by the 2 years fixed by the shipping contract is the only question of importance involved in this case.

The shipping contract was for a shipment from South Dakota to Nebraska. This made it an interstate contract, and by the Interstate Commerce Act of 1887, as amended, was placed under the operation of federal law (see 49 U. S. C. A. § 1 et seq.). In Missouri, Kansas & Texas Ry. Co. v. Harriman Bros., 227 U. S. 657, at page 672, 33 S. Ct. 397, 401, 57 L. Ed. 690, the United States Supreme Court, in considering a limitation clause similar to the one involved in this case, says: "The liability sought to be enforced is the 'liability' of an interstate carrier for loss or damage

under an interstate contract of shipment declared by the Carmack amendment of the Hepburn act of June 29, 1906 [49 U. S. C. A. § 20 (11, 12)]. The validity of any stipulation in such a contract which involves the construction of the statute, and the validity of a limitation upon the liability thereby imposed, is a Federal question to be determined under the general common law, and, as such, is withdrawn from the field of state law or legislation. Adams Express Co. v. Croninger, 226 U. S. 491, 33 S. Ct. 148, 57 L. Ed. 314, [44 L. R. A. (N. S.) 257]; Michigan Central Railroad Co. v. Vreeland, 227 U. S. 59, 33 S. Ct. 192, 57 L. Ed. 417. The liability imposed by the statute is the liability imposed by the common law upon a common carrier, and may be limited or qualified by special contract with the shipper, provided the limitation or qualification be just and reasonable, and does not exempt from loss or responsibility due to negligence. Adams Express Co. v. Croninger, and Michigan Central Railroad Co. v. Vreeland, cited above; York Mfg. Co. v. Illinois Central Railroad Co., 3 Wall. 107, 18 L. Ed. 170; New York Central Railroad Co. v. Lockwood, 17 Wall. 357, 21 L. Ed. 627; Southern Express Co. v. Caldwell, 21 Wall. 264, 267, 22 L. Ed. 556, 558; Hart v. Pennsylvania Railroad Co., 112 U. S. 331, 5 S. Ct. 151, 28 S. Ct. 717."

The shipment in the Harriman Bros. Case was from Missouri to Oklahoma, and the case was tried in Texas. All of those states have statutes of limitations allowing from 4 to 6 years to commence the action; yet the court held that a limitation of 90 days in the contract was controlling. This ruling was affirmed in Leigh Ellis & Co. v. Payne, tried in the District Court of the Fifth Circuit, 274 F. 443, and affirmed in the Circuit Court of Appeals, Leigh Ellis & Co. v. Davis, 276 F. 400, and by the Supreme Court of the United States 260 U. S. 682, 43 S. Ct. 243, 67 L. Ed. 460.

Appellant calls our attention to section 897, R. C. of 1919. This section reads as follows: "Every stipulation or condition in a contract, by which any party thereto is restricted from enforcing his rights under the contract by the usual legal proceedings in the ordinary tribunals, or which limits the time within which he may thus enforce his rights, is void."

He also calls our attention to section 2269, R. C. 1919. This section reads as follows: "If an action be commenced within the

time prescribed therefor, and a judgment therein be reversed on appeal, the plaintiff, or, if he die and the cause of action survive, his heirs or representatives, may commence a new action within one year after the reversal."

Were it not for the federal question involved in this case, these two sections, of course, might be applicable, but where the contract is controlled by the federal law, these two sections have no application.

It is true, as defendant contends, this action is pending in the state court, but because of the fact that a federal question is involved, our decision is appealable to the Supreme Court of the United States and ultimately the case will be decided by the federal rule, and we believe the conclusion reached by the trial court is right.

The judgment and order appealed from are affirmed.

WARREN, P. J., and CAMPBELL, ROBERTS, and RUDOLPH, JJ., concur.