## BRONSON v MAU

Ohio Appeals, 1st Dist, Hamilton Co.

No. 5682. Decided Feb. 5, 1940.

W. Donald Hall, Cincinnati, for Donald N. Bronson.

Frost & Jacobs, Cincinnati, and Pogue, Hoffheimer & Pogue, Cincinnati, for Haveth E. Mau.

## OPINION

By ROSS, J.

On June 25th, 1938. the plaintiff filed his petition against the defendant.

The action was founded on a broker's margin account which the defendant had with the corporation, of which plaintiff was the liquidator.

The petition was drafted in the short form, and the account which represented all the transactions between the parties was attached to the petition, being incorporated therein by appropriate reference. The amount claimed was $26,023.75.

The defendant on October 20th, 1938 filed an answer and cross-petition. The answer contained a first defense, which was, in effect, a general denial. The second defense pleaded the six year statute of limitations.

The cross-petition set up a cause of action based upon a breach of a contract between the corporation and defendant. In the cross-petition, it is alleged:

"about the 6th day of May, 1929, The Irwin-Ballman Company entered into an agreement with the defendant that for and in consideration of the defendant not asserting a claim against The Irwin-Ballman Company for its failure to sell 300 shares of Advance Rumley stock in accordance with the orders and instructions of the defendant, The Irwin-Ballman Company would work out the account of the defendant so that there should be no loss to the defendant; that the defendant deposited and left for credit to his said account the sum of Thirty Thousand Five Hundred Sixty-Seven and 97/100 ($30,567.97) Dollars; that no part of said sum has been repaid to the defendant."

There is in the cross-petition no allegation as to when the breach of the contract occurred.

The plaintiff filed a reply incorporating a denial of the new matter alleged in the defendant's answer and an "Answer to the Cross-petition", denying among other things the deposit of $30,567.97. This reply was filed November 28th, 1938.

A supplemental reply was filed during the trial of the case in which pleading the plaintiff set up the six year statute of limitations as a bar to the cause of action set forth in the defendant's cross petition.

An examination of the record shows that the last item of the account submitted in evidence is a charge for interest under date of December 31st, 1937. The collateral held by the corporation as security for the indebtedness of Mau was sold on July 1st, 1932. The last transaction in the account which represented a voluntary action on the part of Mau was on October 10, 1929, when the corporation purchased 200 shares of Owens Bottle stock on Mau's order. All items in the account thereafter were credits of dividends or interest, or interest charges, except the credit to the account of the proceeds of the closing out sale by the corporation on July 1st, 1932.

Whether or not the statute of limitations runs from each item of the account in question, or from the last of this account, more than six years has elapsed since such last item, which constituted an act by Mau, and the cause of action of the plaintiff is barred by the statute of limitations. Courson's Executors v Courson, 19 Oh St 454; Hommel & Co. v Incorporated Village of Woodsfield, 115 Oh St 675, 681, 682; Riddle et Exrs. v Riddle, 38 Oh Ap 132, 139; Bogart, Admr. etc. v Cox, 4 C. C., 289, 292, 294; 25 O. Jur. 462.

No act of the defendant appears in the record reaffirming the account, since the final balance became due October 10, 1929.

The defendant's cause of action was predicated upon the breach of a promise which he alleges was made by the corporation, through one of its officers, to see that he suffered no loss.

The defendant testified as follows:

"Q. You say you knew about the sale by reason of the monthly statement which you received. Tell the jury what you did after you received that monthly statement August 1, 1932.

A. I went down to see Mr. Frank Ballman. I guess it would be proper for me to say I was surprised to get it, but, nevertheless, I got the statement, and I went down to see Mr. Frank Ballman, and I said, 'Well, here, I see this stock was sold.' He was in his office alone. And he says, 'Yes; the market it terrific. It is terrible.' He said, 'I had to sell it. I could not carry that account any longer. I had to sell it.' But he said, 'You won't lose anything by it. We wiped them off. We wiped it off the books, and we wiped your account off the books.'

Q. I will ask you to state whether he said anything about how the account had been handled?

A. He said the account had been badly handled, anyhow. Do you want me to tell what he said?

Q. Yes. A. He said nobody could tell what the market was going to do. I said, 'If that is the way you feel about it, I will call it a day.' And we shook hands, and I said 'Goodbye,' and everything was all right and pleasant."

This conversation occurred after the defendant's account had been closed by the sale of his margin securities, and notice given to him of this fact.

This conversation is denied by the officer of the company, with whom it was alleged to have occurred.

The evidence, however, is conclusive that as far as the defendant is concerned, he considered the promise to save him from loss performed and his failure to assert an action against the plaintiff or the corporation until sued, bears out this construction of the matter.

It is claimed by the plaintiff that the defendant's cause of action is barred by the statute of limitations.

The defendant claims his cause of action arose July 1, 1932, when the corporation closed out his account by selling his securities.

Were we to consider this contention valid, the situation might require a retrial, as the case was never submitted to a jury, the verdict against both parties having been instructed by the court.

The petition in the instant case was filed five years—eleven months—twenty-four days after July 1st, 1932. The answer and cross-petition of the defendant was not filed until October 20th, 1938, after more than six years from the date set by the defendant as the time when his cause of action arose.

The cause of action of a defendant, still in force at the time of filing a petition against him, though barred by the statute of limitations, when the cross-petition is filed, may still be asserted against the plaintiff in spite of such fact. McEwing v James, 36 Oh St 152; Bryant v Swerland, et, 48 Oh St 194; Continental Automobile Mutual Ins. Co. v Morton, 23 Abs 311; Markley v Michael, 8 Ohio Dec. Rep., 269; 6 Weekly Law Bulletin 832; 3 American State Reports, footnote, page 63; 25 O. Jur. 575.

This rule is in full conformity with the spirit of the statute of limitations, which seeks to encourage a state of repose to adverse claims.

If the defendant proved a cause of action, which, as we have stated before, we consider he failed to do, by reason of his testimony previously quoted, the plaintiff may now assert against such cause of action his claim for the unpaid balance of the margin account to the extent of any recovery on the part of the defendant. This right is definitely limited, in view of the expiration of the statutory period of limitations before the commencement of the action, to set-off only, that is only to the extent of the defendant's recovery. 25 O. Jur. 573.

Our conclusion is, however, that the plaintiff's action was barred by the statute of limitations before the commencement of the action, and the defendant failed to show any evidence of the breach of any contract between himself and the corporation which was not, according to his own statement, fully adjusted by a mutual settlement of all differences between the parties.

The judgment is affirmed.

HAMILTON, PJ. & MATTHEWS, J., concur.