**SHRINER, Appellant, v. PRICE, Exr., Appellees.**

Ohio Appeals, First District, Hamilton County.

No. 6364.    Decided February, 21, 1944.

Mr. Robert A. Black, Cincinnati, and Mr. Robert F. Badgley, Cincinnati, for appellant.

Mr. John A. Scanlon, Cincinnati, and Mr. H. G. Hightower. Cincinnati, and Mr. Alfred Pfau, Cincinnati, for appellees.

## OPINION

BY ROSS, P. J.

This appeal on questions of law from the Probate Court of Hamilton County calls in question a judgment of that Court, by which a petition to vacate a former decree of the Court cancelling a note payable to a decedent, was dismissed. The decree of cancellation of the note was entered at the solicitation and upon the representation of Harry J. Price, an executor of such decedent, his father, Isaac N. Price. The claim of the plaintiff, a granddaughter and heir of the decedent, is that such cancellation was obtained by the executor through misrepresentation of the facts and by a perpetration of a fraud upon the court. The petition was dismissed at the conclusion of plaintiff's evidence.

If there was, therefore, any substantial evidence sustaining the contention of plaintiff as to fraud, such judgment was erroneously entered.

The will of the decedent was admitted to probate on or about December 11, 1937. The defendant, Harry J. Price, and his mother, widow of the decedent, were named executors in the will, which had been executed by decedent in 1921. The widow also died on November 29, 1942. She took no active part in the administration of the estate, being some eighty years of age.

Statutory allowances were made to the widow, but have not been paid to her or her adminstrator. Under the will of the decedent the widow had a life estate in decedent's

real estate, the remainder in one parcel being in the defendant, Harry J. Price, and a remainder in another parcel being in the plaintiff. Another parcel was devised by decedent to the defendant, Harry J. Price. With the exception of the real estate, the decedent left no property of any value with the exception of a note in the amount of $2913.50, signed by Albert Schnicke, a partner of the defendant Harry J. Price in the commission business formerly operated by the decedent. It was the cancellation of this note under order of the Probate Court at the solicitation of Harry J. Price which constituted the basis for the charge of fraud set out in the petition of plaintiff. This note was dated March 3rd, 1930, and bore interest at the rate of six per cent per annum. It was given the decedent as the balance due on the purchase of a one-half interest in the business of the decedent. Concurrently with such transfer of a one-half interest in the business to Schnicke, the decedent transfered the other one-half to his son, Harry J. Price. It is apparent that prior to such transfer, the decedent and his son Harry J. Price had been conducting the business as equal partners, without any formal agreement. In the contract of sale to Schnicke appeared a covenant providing "Said I. N. Price does hereby covenant and agree with said Albert Schnicke that he has a good right to assign his said interest in said partnership and that the same is free from any and all claims other than the present existing indebtedness of I. N. Price & Company as a going concern." At this time the partnership owed The First National Bank $9800.00. It is Schnicke's claim that he knew nothing of such indebtedness and that it did not constitute an indebtedness covered by the language of the covenant.

It appears, however, that the partnership of Schnicke and the younger Price continued from 1930 without any assertion of the claim of fraud by Schnicke, although it is equally apparent that no effort was ever made by the decedent to collect the note. In the inventory it is listed as a "doubtful" asset. The partnership of the younger Price and Schnicke from time to time reduced the indebtedness to the Bank by payments out of partnership funds to the extent of $6,300.00. However, the partnership in a running account with the Bank had a balance of loans due the Bank at the time of the death of decedent of $7,800.00. The financial status of the partnership was never of such a structure as to permit loans on its own responsibility and the bank was induced to continue credit to the partnership only by reason of a continuing

guaranty of the decedent covering loans to the partnership. Shortly before his death, the decedent executed a blanket guaranty to the extent of $7,900.00, which was in effect at the time of his death and represented the basis for a proof of claim against the estate of decedent for the balance of loans from the bank.

It is apparent that this indebtedness of the partnership was of course its primary obligation. It had no assets to meet such a claim. It was next an obligation of the individual partners and by reason of the guaranty of decedent also a charge against his estate. This indebtedness was paid actually by Harry J. Price, who mortgaged property devised to him by the decedent. Schnicke induced his wife to execute a mortgage to Harry J. Price, securing the repayment to Price of one-half of such amount, it being agreed that such security should exist until the entire sum of $7,000.00 should be repaid to Price out of partnership funds. In the final account filed by the defendant, Harry J. Price, it appears that such $7,000.00 was paid out of the estate.

In the written agreement between Harry J. Price and his partner, Albert J. Schnicke embodying the settlement of the indebtedness due the Bank, paid by Harry J. Price, it was stipulated that said Price should apply to the Probate Court for a cancellation of the indebtedness of Schnicke to the estate of decedent, represented, by the note payable to decedent in the sum of $2913.50 and interest. The obligation of Schnicke in securing Price to the extent of $3,500.00 being made dependent upon the guaranty of such application to cancel such note. The Probate Court was not advised of the existence of this contract at the time the application and order of cancellation were made. It does not appear that the plaintiff had any notice of the application. It does, however, appear that the various matters herein touched upon had been the subject of conference and discussion between the attorneys for the various parties for some time and the result of such conferences was the compromise effected as embodied in the agreement entered into between Price and Schnicke.

Schnicke at no time presented any claim to the executors of the estate of the decedent based upon his claim of fraud and misrepresentation in matters involving the sale to him of a one-half interest in the business by the decedent. It is the claim of the plaintiff, therefore, that he could have asserted no claim against the estate of decedent at

the time his note to the decedent was cancelled, as its presentation was then barred, and that, hence, the action of Harry J. Price as executor of the estate of decedent in representing to the Probate Court "that it was for the best interests of the estate" that such note be compromised and cancelled was fraudulent, and the order of cancellation should, therefore, be vacated.

Not having presented such claim to the estate it is undoubtedly true that Schnicke never could have initiated an independent action based upon such claim, the statutory time for filing having elapsed. This situation, however, would not necessarily result in preventing his advancing such claim as a defense, if, on the contrary, action were instituted against him by the estate.

It is undoubtedly the better general rule that even though a claim is barred at the time an action is instituted against a defendant, he may set up such claim as a set-off or defense to the extent such claim will equalize the claim of the plaintiff. He may not recover more than the plaintiff's claim, but may meet it to the extent his claim equals that of the plaintiff.

This Court has twice had before it the application of the statute of limitations to a cross-demand not barred at the time the petition was filed, but barred before the cross-demand was embodied in a defensive pleading. In **Bronson v. Mau, 31 Abs 653, Eagle Svgs. & Loan Co. v West, 71 Oh Ap 485,** in the latter opinion this Court, possibly in obiter, went further, stating at page 496 of the opinion:

"Indeed, the weight of authority goes further and holds that the use of a cause of action as a shield or defense is not precluded, even though the statutory period has run against its use for affirmative relief at the time of the filing of the action in which it used. Peterson v Feyereisen, 203 Wis., 294, 234 N. W., 496, 73 ALR, 571, and note."

§11321 GC, provides:

"When cross-demands have existed between persons under such circumstances that if one had brought an action against the other a counterclaim or set-off could have been set up, neither can be deprived of the benefit thereof by assignment by the other, or by his death. The two demands must be deemed compensated so far as they equal each other."

In **In Re Estate of Butler, 137 Oh St, 96,** ¶5 of the syllabus reads:

"Defenses are not barred by the statute of limitations, and cross-demands must be deemed compensated as soon as they mature in so far as they are equal to each other."

Again, at page 108 of the opinion, it is stated:

"This court agrees with the position of the Court of Appeals in this matter. It is a general rule that defenses are not barred by the statute of limitations and that cross-demands must be deemed compensated as soon as they mature in so far as they are equal to each other. See §11321 GC; 25 O Jur, 573, §230; Hart v. Church, 126 Cal., 471, 58 P., 910; First Natl. Bank of Chicago v. Rogers, Brown & Co., 299 F., 602; Warner v. Sullivan, 249 Mich., 469, 229 N. W., 484; 16 ALR, 339."

The supporting authorities noted fully sustain the conclusion of the Supreme Court.

Reason and justice favor this rule. In the instant case it might well be that Schnicke, although feeling he had a just claim against the decedent or his son, who had assumed decedent's obligations, assert no claim as long as no claim was made against him on the note. The relations of the parties was intimate and required mutual confidence and cooperation. The decedent apparently never made any effort to assert the claim for many years. The note was executed in 1930 and cancelled in 1939. Each evidently considered the entire matter in repose. Why then should Schnicke file a claim against the estate, a claim which apparently by mutual agreement with the decedent and his son was equalized by a complementary obligation.

The purpose of the statute of limitations is to accomplish the repose of stale obligations.

For seven years the decedent had allowed the note to remain quiescent. No interest was paid thereon. Its appearance as an asset in the estate of decedent, however, required Schnicke to take some action to remove it as a cloud against him. The final arrangements were entirely equitable as far as the interests of plaintiff in the estate of the decedent were concerned. Not the slightest suggestion of fraud, therefore, was made to appear and the Court committed no error in dismissing the petition at the close of plaintiff's case. The

exercise of discretion of the executor under order of the Court in refraining from precipitating the estate into litigation, the outcome of which being extremely doubtful, may not be questioned.

There is some question made of the position of the trial court in holding that the agreement between Schnicke and Price was conclusive on plaintiff . Of course, this agreement could not be conclusive, but the action of the Court in the view herein taken of the case was not prejudicial to plaintiff.

Some question is also raised in that the allowances to widow were not paid. Such payment could only have been accomplished by selling the real estate. It is apparent that none of the parties, including the widow and plaintiff, desired such action.

The judgment is affirmed.

HILDEBRANT and MATTHEWS, J. J., concur.