## GOVERNMENT OF INDONESIA v. THE GENERAL SAN MARTIN et al.

United States District Court
S. D. New York.
July 28, 1953.

McNutt & Nash, New York City, for libelant, Edwin Longcope, New York City, of counsel.

Dow & Symmers, New York City, for claimant-respondent Cia. De Navegacion Geamar, S.R.L., as owners of The General San Martin.

WEINFELD, District Judge.

This action was commenced by the filing of a libel in rem against an Argentine merchant vessel to recover for alleged shortage of, and damage to, a shipment of rice carried on the vessel from Brazil to Indonesia. The claimant-respondent moves to dismiss the libel upon two grounds: (1) that the claim is time-barred by agreement between the parties; and (2) in any event, jurisdiction should be declined by this Court under the doctrine of forum non conveniens.

The bill of lading under which the shipment was made expressly incorporated all the provisions of a charter party "including the Arbitration clause." The clause so made part of the bill of lading provided for arbitration of all disputes arising out

of the contract, in London, subject to the following condition: "Any claim must be made in writing and Claimant's Arbitrator appointed within three months of final discharge [of cargo] and where this provision is not complied with, the claim shall be deemed to be waived and absolutely barred."

The vessel was discharged on or before March 1, 1952, and no claim was made until June 6, 1952. Thus it is undisputed that the libelant failed to initiate arbitration within the three month period prescribed in the arbitration clause. Indeed, the libelant applied to the High Court of Justice, Queens Bench Division, pursuant to the English Arbitration Act of 1950 for an extension of time for making a claim and for the appointment of an arbitrator. The basis of the application was alleged undue hardship upon libelant, relief therefrom being authorized under the English Act.[1]

After hearing the parties the Court on April 17, 1953, rendered judgment refusing the application, and no appeal was taken therefrom within the required time. Relying on this failure of the libelant to invoke arbitration within the time limited, the claimant asserts that the libelant's cause of action has "by agreement of the parties, been waived and is barred."

The libelant acknowledges that neither the Carriage of Goods by Sea Act of 1936, 46 U.S.C.A. § 1300 et seq., nor the comparable Hague Rules Convention applies to the shipment in question. Nonetheless, it urges that any agreement providing for a lessor period than one year for suit by a cargo owner after delivery of the goods or the date when the goods should have been delivered is void as against the public policy of our country, as evidenced by § 1303(6) of 46 U.S.C.A.

This contention cannot be upheld. Though the latter section prescribes a one year limitation period, it is not to be construed as the declaration of a broad policy which necessarily condemns as void a shorter limitation period in those situations which are not governed by its provisions.[2]

The essential question is whether upon all the facts the time prescribed in the bill of lading is reasonable. A three months limitation period for bringing suit was upheld in Schnell v. United States, 2 Cir., 30 F.2d 676. True, that case was decided before the enactment of the Carriage of Goods by Sea Act, but that Act does not reflect a general policy so extensive as to embrace those situations to which it is not applicable. Accordingly, I regard Schnell v. United States, supra, as authority for the validity of the three months limitation contained in the current bill of lading. Furthermore, implicit in the English Court's denial of the application for an extension of time is that it regarded the prescribed limitation as reasonable upon all the facts.[3]

It follows that the limitation may not be condemned as unreasonable. There is no sound reason why such a limitation, if valid as against the maintenance of a suit, should not equally be upheld as to arbitration. The bill of lading expressly declares that if the provision is not complied with, the claim is deemed "waived and absolutely barred." It is part of the arbitration clause itself and this clause must be accorded the same effect as any other provision of the contract. Son Shipping Co. v. DeFosse & Tanghe, 2 Cir., 199 F.2d 687. In the latter case there is a clear implication that the parties may by agreement expressly limit the time within which arbitration may be demanded. They have

---

1. The present motion is a renewal of a prior one which was denied by Judge Leibell as premature and without prejudice to a renewal pending disposition by the English Court of the libellant's application.

2. Petition of Isbrandtsen Company, 2 Cir., 201 F.2d 281; Cudahy Packing Co. v. Munson S. S. Line, 2 Cir., 22 F.2d 898 (construing the Cummins Amendment); J. Aron & Company, Inc., v. Panama Railroad Company, 255 N.Y. 513, 175 N.E. 273.

3. The Court found that the bill of lading and the charter party had been in the possession of libelants "in plenty of time for them to give notice of arbitration if only they had read" them.

done so here, and the time prescribed being reasonable, their agreement is valid and should be upheld. Since libelant no longer has an enforceable claim, the libel is dismissed.

The foregoing disposition makes it unnecessary to consider the alternative motion that the Court decline jurisdiction under the doctrine of forum non conveniens, although it must be said in passing that upon the facts it appears to have much merit.[4] Libelant's standing becomes even more doubtful when it is recalled that it has already sought unsuccessfully to overcome the time limitation in the Courts of England, the forum in which the arbitration itself was to be held.

Settle order on notice.

4. See United States Merchants' & Shippers' Ins. Co. v. A/S Den Norske A. Og. A. Linie, 2 Cir., 65 F.2d 392; Canada Malting Co. v. Paterson Steamships, 285 U.S. 413, 52 S.Ct. 413, 76 L.Ed. 837; Cerro De Pasco Copper Corp. v. Knut Knutsen O.A.S., 2 Cir., 187 F.2d 990.