### HARPER BROS. et al. v. KLAW et al.

(Circuit Court of Appeals, Second Circuit. January 26, 1921.)

1. **Equity** ⬥451—**Motion for leave to file bill of review in case pending on appeal improperly made to appellate court.**

    A motion for leave to file a bill of review in a suit pending on appeal to the Circuit Court of Appeals was improperly made to that court, as it is no concern of such court whether a bill of review be filed or not; its powers being confined to those arising on an appeal duly taken in case the bill of review is filed in the lower court on due request of that court for the return of the record.

2. **Equity** ⬥442—**Bill of review cannot be filed in Circuit Court of Appeals.**

    A bill of review cannot be filed in the Circuit Court of Appeals in a suit pending in that court on appeal.

3. **Equity** ⬥454—**Leave of appellate court not necessary in order to apply to trial court for leave to file bill of review.**

    No permission or leave from the Circuit Court of Appeals is necessary to enable a party to apply to the District Court for leave to file a bill of review in a suit pending on appeal to the Circuit Court of Appeals.

---

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**4. Equity ⊕=456—When leave to file bill of review granted, District Court must request return of record.**

When a bill of review is filed in the District Court in a cause pending on appeal to the Circuit Court of Appeals, it is necessary for the District Court to request the Circuit Court of Appeals to send back the record on appeal, to the end that the case may again be before the District Court.

Appeal from the District Court of the United States for the Southern District of New York.

Suit by Harper Bros. and Henry L. Wallace against Marc Klaw and Abraham Erlanger. From a décree for defendants, plaintiffs appeal. On motion to resettle an order denying a motion for leave to file a bill of review, or to apply to the District Court for such leave. Motion to resettle denied.

See, also, 232 Fed. 609.

The following is the order of January 5, 1921, referred to in the opinion:

A motion having been made herein by counsel for the appellant for leave to move in the District Court to file a bill of review, upon consideration thereof it is ordered that said motion be and hereby is denied without prejudice to an application for relief in the District Court, within 30 days from the date hereof; the appeal herein to be held in abeyance, and the time for filing the appeal record and briefs to be extended until the further order of the court.

John Larkin, of New York City, for complainants.
David Gerber, of New York City, for defendants.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

PER CURIAM. The motion resulting in the order sought to be resettled had two parts: (1) That plaintiffs have leave to file in the District Court a bill of review; or (2) that plaintiffs have leave to apply to the District Court for leave there to file such bill of review.

The arguments made on this motion to resettle lead us to state the reasons for the order of January 5th, and we do this to aid the District Court in any further proceeding that may be had herein.

[1, 2] The first branch of the motion was denied, because it is not the concern of this court whether a bill of review be filed or not; it cannot be filed with us, and, if it be filed in the lower court, upon the due request of that court to us for the return of the record, our powers will be confined to those arising upon an appeal duly taken.

[3] We denied the second branch of the motion, because no permission or leave from us is necessary to enable these plaintiffs or any other party to make application or petition to the District Court; they have that right without our leave.

[4] We added to the order a statement that it should be without prejudice to an application for relief in the District Court for the following reasons: So far as we are informed, plaintiffs desire to file a bill of review; their motion papers disclose no other intent. To accomplish this in the lower court it is necessary for that court to request this court to send back the record on the appeal now pending herein, to the end that the case may again be before the District Court.

We express no opinion as to whether a bill of review is the proper or necessary method of proceeding, or whether any other application in the District Court would or would not serve plaintiffs' purpose. It is enough for present purposes that plaintiffs may make their application in the District Court, and if the District Court applies for the return of the record we shall consider that application when it is before us.

Meanwhile proceedings on the appeal are further stayed for 30 days from the date hereof, and it is not necessary to change or resettle the order already made. Therefore the motion to resettle is denied.