### T. M. DUCHE & SONS v. LLOYD MEDITERRANEO.

District Court, E. D. New York. December 3, 1928.

No. 8656.

Harry D. Thirkield, of New York City, for libelant.

Loomis & Ruebush, of New York City, for respondent.

MOSCOWITZ, District Judge. This libel is for an alleged failure to deliver in good condition 250 cases of shelled walnuts claimed to have been shipped in good order and condition on or about February 19, 1925, on the S. S. Valperga, and claimed to have been delivered in New York badly damaged by water or other foreign substance.

The bill of lading contained the following provision, among others: "The carrier shall not be liable for any claim for loss or damage, * * * unless notice of such claim is given before removal of goods from carrier's custody and control."

The S. S. Valperga arrived in New York on March 30, 1925. The cargo in question was discharged between March 31st and April 1st. Libelant took delivery of the shipment on April 2d; their truckman signing receipt with notation, "all cases more or less stained." On April 9th respondent received a letter from libelant to the effect that, when their loss was determined, they would send claim for loss and expenses attached to the damage.

Libelant contends that the notice of claim clause in the bill of lading is unreasonable. Judge Learned Hand, writing for the Circuit Court of Appeals in the Second Circuit, has in numerous instances sustained such a clause. In the case of Anchor Line (Henderson Brothers) Limited, v. Jackson (C. C. A.) 9 F.(2d) 543, Judge Hand said: "In the Persiana, 185 F. 396, 107 C. C. A. 416, we held that a notation of damage upon the ship's receipt signed by the consignee was not enough to satisfy a clause which read that the ship should not be liable 'for any damages to any goods.' * * * In the St. Hubert, 107 F. 727, 46 C. C. A. 603 (C. C. A. 3), the drayman had the damage noted on the receipt which he gave, but it was held insufficient under a clause like that at bar."

In the Texas Maru, 13 F.(2d) 538, 540 (C. C. A. 2), Judge Learned Hand, again writing for the court, said: "We have often enough held valid a clause which concluded the consignee, if the claim were not made before removal from the pier. The San Guglielmo [C. C. A.] 249 F. 588, * * * The Gen. Geo. W. Goethals (C. C. A.) 298 F. 935, Anchor Line v. Jackson (C. C. A.) 9 F.(2d) 543, The Bencleuch (C. C. A.) 10 F.(2d) 49."

The libel will be dismissed for libelant's failure to give notice of claim of damage of goods before removal of goods from respondent's custody and control.

Decree for respondent, dismissing the libel. Settle decree on notice.