## ST. PAUL FIRE & MARINE INS. CO. v. THE REPUBLICA DE VENEZUELA et al.

United States District Court
S. D. New York.
June 17, 1952.

Richard T. Graham, New York City, for libellant.

Renato C. Giallorenzi, New York City, for claimant-respondent, appearing specially.

WEINFELD, District Judge.

The Court is requested to decline jurisdiction in this admiralty suit on the ground of forum non conveniens. The motion is made by claimant-respondent Flota Mercante Grancolombiana S. A., a Colombian corporation, the owner of the SS "Republica De Venezuela" which flies the flag of the Republic of Venezuela. The vessel transported two shipments of merchandise from Antwerp, Belgium to Guayaquil, Ecuador. The shipper was Centrotex, Ltd., a Czechoslovakian corporation. The bills of lading were issued to the shipper at Antwerp, the port of loading, by claimant-respondent's agent. The SS "Republica De Venezuela" after loading at Antwerp proceeded to various South American ports, including Guayaquil, where the shipment was delivered on May 31st, 1951. In the course of the voyage to the South American ports she did not touch any United States ports. After delivery of the shipment at Guayaquil, the vessel proceeded to New York within the jurisdiction of this Court, the port of original departure.

Libellant, a Minnesota corporation, which had insured the shipment, paid a cargo

damage claim to Centrotex, Ltd. As subrogee of Centrotex, Ltd. it filed this libel against the vessel and the claimant-respondent.

The bases of the motion to decline jurisdiction are: (1) the contract of carriage was entered into in a foreign country between a foreign shipper and a foreign steamship owner, and libellant, as an American citizen, is in no better position than its assured; (2) the bill of lading provides that (a) actions under the contract of carriage must be commenced in the courts of Amsterdam, Netherlands "unless the carrier appeals to another jurisdiction or voluntarily submits himself thereto"; (b) Belgian law shall apply exclusively; (3) hardship upon claimant-respondent to defend because witnesses, except those employed by it on other vessels who may come to the United States, are without the jurisdiction.

■ The Court has discretion to decline jurisdiction in a suit in admiralty between foreigners.[1] The determination of the motion is governed by considerations of justice.

" * * the District Court is not obliged to try such cases; its jurisdiction depends upon whether its exercise is essential to justice; whether the libellant is driven to seek it in order to secure any adequate redress at all."[2]

Jurisdiction will be refused where justice " 'would be done as well by remitting the parties to the home forum.' "[3]

■ The moving party contends that The Tricolor, D.C., 1 F.Supp. 934, affirmed sub. nom. United States Merchants & Shippers' Ins. Co. v. A/S Den Norske Afrika Og Australie Line, 2 Cir., 65 F.2d 392, controls and is on all fours with the instant case. While it is true, as was held there, that libellant, an American citizen, stands in no better position than its assured, the

Czechoslovakian citizen, there are a number of substantial differences which not only distinguish the cases but which require the denial of the motion.

■ At the threshold of inquiry there is a very fundamental difference. In the Tricolor case, supra, the clause in the bill of lading stipulating that foreign law governed, was not in issue, and in Cerro De Pasco Copper Corp. v. Knut Knutsen, 2 Cir., 187 F.2d 990, also relied upon by claimant-respondent, it was undisputed that the provision was valid. But in the instant case there is sharp issue as to the validity of the clauses that the contract of carriage shall be governed by Belgian law and that all actions shall be brought in the Courts of Amsterdam, Netherlands "unless the carrier appeals to another jurisdiction or voluntarily submits himself thereto." Libellant's experts, eminently qualified, contend that the jurisdictional clause is not only invalid under both Belgian and Dutch law, but, in addition, is flatly deceptive since it permits the carrier at will to divest the foreign tribunal of jurisdiction.

Furthermore, on this record it is far from certain that libellant can obtain jurisdiction over claimant-respondent in the Amsterdam forum, or, even if jurisdiction were acquired, that any decree against the vessel or claimant-respondent would be enforceable. There is no showing that the claimant-respondent's vessels ever call there or that it was or is within the jurisdiction of the Netherlands or that it has any assets there. Indeed, libellant asserts the contrary and its contentions are not rebutted by any competent evidence. Jurisdiction in this suit has been acquired by attaching the vessel which was released upon the filing of a bond. Libellant has no assurance that claimant-respondent will appear in the Amsterdam Courts and that security would be given equal to what has been obtained by the attachment here.[4]

1. Canada Malting Co. v. Paterson Steamships, Ltd., 285 U.S. 413, 415, 52 S.Ct. 413, 76 L.Ed. 837.

2. United States Merchants & Shippers' Ins. Co. v. A/S Den Norske Afrika Og Australie Line, 2 Cir., 65 F.2d 392.

3. Charter Shipping Co. v. Bowring, 281 U.S. 515, 50 S.Ct. 400, 74 L.Ed. 1008; The Belgenland, 114 U.S. 355, 5 S.Ct. 860, 29 L.Ed. 152; Catherall v. Cunard S. S. Co., D.C., 101 F.Supp. 230.

4. That this is a proper consideration see Swift & Company v. Compania Caribe,

274

Sufficient appears to warrant the libellant's apprehension that to decline jurisdiction will deprive it of its day in Court.

There are still other significant distinctions which militate against the declination of jurisdiction. The one-year limitation in the bill of lading has now expired. Thus, if jurisdiction were declined, libellant would be barred from commencing suit elsewhere since claimant-respondent has not consented to waive the defense of limitations.[5]

Finally, the claim of hardship in the preparation of the defense dissolves upon examination of the facts. It is more apparent than real. Claimant-respondent conducts business here and maintains a regular service of ships, including the SS "Republica De Venezuela" with New York as their regular port of call. Its general agent within this district books freight, collects freight monies and enters into leases for piers on behalf of claimant-respondent. Since the SS "Republica De Venezuela" and other vessels of claimant-respondent make regular calls at this port, those officers and crew members who were on the ship during the voyage are available to the defense either for personal appearance in Court as witnesses or for the taking of their depositions. The log book, being under the control of the claimant-respondent, is also available to establish weather conditions, the method of stowage and other pertinent facts relating to the voyage.

Further, I regard it as of some significance, although by no means controlling, that the claimant-respondent through the general agent has processed in its office in this district many cargo loss claims under circumstances similar to those which give rise to the instant suit and in at least one instance has submitted itself to the jurisdiction of a State Court within this district. This situation casts a shadow upon the claimant-respondent's claim of hardship in defending the present suit, and, indeed,

leaves open to question that the plea is made in good faith.

On all the facts, the Court believes that the interests of justice will best be served by retaining jurisdiction, and in the exercise of discretion denies the motion. Settle order on notice.

---

339 U.S. 684, 698, 70 S.Ct. 861, 94 L.Ed. 1206; Canada Malting Co. v. Paterson Steamships, Ltd., supra, footnote 1 hereof.

5. See Bulkley, Dunton Paper Co. v. The Rio Salado, D.C., 67 F.Supp. 115; Libby McNeill & Libby v. Bristol City Line Ltd., D.C., 41 F.Supp. 386.