**CHEMICAL CARRIERS, Inc., Libelant,**
v.
**L. SMIT & CO.'S INTERNATIONALE SLEEPDIENST, Respondent.**

United States District Court
S. D. New York.
Sept. 19, 1957.

Kirlin, Campbell & Keating, New York City, for libelant. Edward L. Smith, James Proud, New York City, of counsel.

Dow & Stonebridge, New York City, for respondent. Daniel L. Stonebridge, Raymond W. Mitchell, New York City, of counsel.

FREDERICK VAN PELT BRYAN, District Judge.

The respondent moves to dismiss the libel on the ground of *forum non conveniens,* and on the ground that the agreement between the libelant and the respondent provided that disputes arising therefrom should be submitted to the exclusive jurisdiction of the courts of Rotterdam, Holland. The motion in essence asks this court to decline jurisdiction.

Libelant is a Liberian corporation controlled by American citizens, with its principal office and place of business in New York City. Respondent is a Netherlands corporation, with its principal office in Rotterdam, engaged in world wide salvage and towing. The agreement between the parties which is the subject of the action was executed in Rotterdam where libelant has an agent. It calls for the towage by respondent of the TMS Chemical Exporter owned by libelant from Philadelphia to Rotterdam.

Libelant sues in the alternative for damages for breach of this towage contract or for a share in salvage earned by respondent from the utilization of the tugs assigned to perform the towage to salvage the S. S. Helga Bolten, a German vessel, instead of performing the towage as agreed.

It appears from the allegations of the libel that respondent assigned two of its seagoing tugs to perform the towage of the Chemical Exporter called for by the contract. Respondent's tug Oceaan picked up the vessel at Philadelphia and com-

menced the voyage. While still in the Delaware estuary the Oceaan anchored the Chemical Exporter there and proceeded to the assistance of the Helga Bolten, which had broken down and was in distress in Mid-Atlantic. The respondent's tug Ebro, which was en route to meet the Chemical Exporter at sea and complete the voyage, also went to the assistance of the Helga Bolten. This was under contract between respondent and the owners of the Helga Bolten to attempt her salvage. Other vessels were nearer to the Helga Bolten and were scheduled to, and did in fact, reach her before either of respondent's tugs arrived. Nevertheless, respondent's tugs, under very difficult conditions, succeeded in towing her to the Azores, thus completing the salvage operation.

Upon completion of the salvage the interrupted towage of the Chemical Exporter was resumed by respondent's tugs, and completed, but only after long delay. The libelant seeks either damages under the contract of towage or that a constructive trust be imposed upon respondent's claim for salvage or remuneration for salvage services from the owners of the Helga Bolten and respondent be required to pay libelant therefrom a just and proper share on the theory that libelant was a voyage charterer of the tugs when the salvage was performed.

Respondent bases its request for declination of jurisdiction on a provision in the agreement between parties providing that:

"All agreements are subject to the Netherlands Towage Conditions as deposited with the Central Offices of the District Courts of Rotterdam and Amsterdam on the 15th of November 1951 by L. Smit & Co's Internationale Sleepdienst and which conditions are incorporated herein."

Article 11 of the Netherlands Towage Conditions referred to in this provision is as follows:

"This agreement shall be subject to the Law of the Netherlands.

"The settlement of all disputes arising from this agreement shall, to the exclusion of any other judge, be submitted to the District Court at Rotterdam subject to the right of appeal against the decision of the said Court, in accordance with the provisions of the Law of the Netherlands."

Respondent argues that the libelant should be compelled to live up to the terms of the agreement by bringing suit in the District Court of Rotterdam.

■ It is no longer the law that contractual provisions which purport to limit a jurisdiction which would otherwise attach are void and unenforcible. Wm. H. Muller & Co. v. Swedish American Line, Ltd., 2 Cir., 224 F.2d 806; Krenger v. Pennsylvania R. Co., 2 Cir., 174 F.2d 556, and particularly the concurring opinion of Judge Learned Hand; 6 Corbin on Contracts, § 1445; cf. Insurance Co. v. Morse, 20 Wall. 445, 87 U.S. 445, 22 L.Ed. 365. Nevertheless, such agreements, particularly those calling for exclusive jurisdiction in a foreign court, are not looked upon with favor and will not be enforced by the Federal courts if they are unreasonable in themselves or in the effect they may have on the rights of the parties to the dispute. Wm. H. Muller & Co. v. Swedish American Line, Ltd., supra; Sociedade Brasileira De Intercambio Commercial E Industrial, Ltda. v. S. S. Punta Del Este, D.C.N.J., 135 F.Supp. 394; 6 Corbin on Contracts, § 1455.

■■ In the case at bar the request to decline jurisdiction will be refused since the provision vesting exclusive jurisdiction in the courts of Rotterdam seems to me to be unreasonable in its effect for several reasons.

Libelant has submitted an opinion letter from counsel stated to be learned in the Netherlands law, to the effect that while the law of the Netherlands rewards persons entitled to the exclusive services of a vessel under a demise or time charter for salvage services performed by the

chartered vessel, it does not reward persons entitled to the services of a vessel under voyage charters, towage contracts and other contractual arrangements. This is in contrast to the law in the United States to the effect that a party entitled to the exclusive services of a tug may be entitled to a share in salvage earned by the tug. The Arizonan, 2 Cir., 144 F. 81; The Johnson Lighterage Co. No. 24, 3 Cir., 248 F. 74. In view of what appears to be the Netherlands law, the practical result of compelling libelant to litigate in the Rotterdam courts might well be to deprive it of all remedy. Such a result would not be in accord with the theory of salvage in this country, which is "to reward all who have contributed anything to the work of saving the imperiled property" (The Arizonan, supra, 144 F. at page 82) and would work an unreasonable hardship upon the libelant.

Furthermore, there is now pending in this court an action by the libelant against the owners of the Helga Bolten, who are German nationals, for a share of the salvage money. This case will doubtless be fully litigated here. A number of the issues in that action are similar to, if not identical with, issues involved in the instant case. It may well be that the action against the owners of the Helga Bolten can be consolidated with the case at bar. Much of the proof in the two cases will be the same. It would be an undue hardship on the libelant to compel it to litigate the issues involved in the Helga Bolten case in this court and similar issues in the instant case in Rotterdam, with probable inconsistent results.

Any questions of convenience of witnesses and litigants would appear to be weighted in favor of the libelant. The alleged breach of the contract took place while the Chemical Exporter was still in United States territorial waters and evidence as to the damage suffered by the libelant is more readily available here. It is alleged, and not denied, that the vessels of the respondent frequently come into American ports. The evidence of the crew of the Helga Bolten should be as easily obtainable in this jurisdiction as it would be in Holland. Any difficulties which might be presented with respect to the obtaining of evidence can no doubt be resolved by resort to depositions or interrogatories just as easily here as in Rotterdam. There is no balance of convenience "strongly in favor of" respondent which might move the court to exercise its discretion to decline jurisdiction. Cf. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 843, 91 L.Ed. 1055; Kloeckner Reederei Und Kohlenhandel, G.M.B.H. v. A/S Hakedal, 2 Cir., 210 F.2d 754.

While libelant is a Liberian corporation, with a nominal office in Monrovia, Liberia, the majority of its stock is owned by American citizens, and all but one of its officers and directors are citizens of the United States. It conducts its business in New York where its principal office is. It is thus essentially an American enterprise. Cf. Zielinski v. Empresa Hondurena de Vapores, D.C. S.D.N.Y., 113 F.Supp. 93; Gerradin v. United Fruit Co., 2 Cir., 60 F.2d 927, certiorari denied 287 U.S. 642, 53 S.Ct. 92, 77 L.Ed. 556; McQuade v. Compania De Vapores, San Antonio, S.A., D.C.S.D. N.Y., 131 F.Supp. 365. These are factors in favor of retention of jurisdiction by this court rather than refusal to enforce libelant's rights in this forum.

The facts here make the case at bar quite distinguishable from Wm. H. Muller & Co. v. Swedish American Line, Ltd., supra, and Cerro De Pasco Copper Corp. v. Knut Knutsen, O.A.S., 2 Cir., 187 F. 2d 990, on which respondent relies, where jurisdiction was declined in favor of a foreign forum. Among other distinctions there was no showing in either of those cases that the libelant would be without effective remedy in the foreign forum.

The motion to decline jurisdiction is denied.