**Arturo NIETO, Libeliant,**

v.

**THE S.S. TINNUM, her engines, etc.,**
and
**Ozean Stinnes-Linien Gemeinschaftsdienst (Ozean-Linie G.m.b.H.-Hugo Stinnes), Respondent.**

United States District Court
S. D. New York.
June 17, 1958.

"Since as we shall show, Award 34 was void, the Trainmen are bound by Award 1223 of the Adjustment Board * * *."

296

Purrington & McConnell, New York City, for libelant.

Haight, Gardner, Poor & Havens, New York City, for respondent.

BICKS, District Judge.

This suit arises out of alleged damage to a cargo of 5,000 bags of garlic, while en route from Tampico, Mexico, to Havana, Cuba, aboard the S.S. Tinnum, a vessel sailing under the West German flag. Libellant is a merchant residing and doing business in Mexico; respondent is a West German corporation which at the time of the alleged incident was operating the vessel under a pool agreement with the claimant-owner, also a West German corporation. None of the parties to this litigation is a United States citizen. The shipment of garlic did not originate from nor was it destined for a United States port and the vessel did not call at the United States on the voyage in issue. The litigation thus, in no manner, concerns United States residents or United States commerce.

The bill of lading, under which the cargo was shipped, contains among its provisions the following:

"XVIII. * * *

"All disputes are to be decided according to German Law, and exclusively by the Hamburg Courts."

\* \* \* \* \* \*

"A to IX: The agent of the shipowner at port of destination must be notified by the consignee within 48 hours after the discharge of the goods or non-delivery of same, of any claim resulting from this bill of lading. Claims must be accompanied by a certificate showing that due notification has been made and must be settled with the steamship line in Hamburg according to German law and to the exclusion of any proceedings before non-German courts. Claims not presented within two months of the occurrence to which they refer are void."

It is not disputed that the jurisdictional agreemnt contained in the bill of lading is valid and obligatory for the parties under the laws of Mexico, Cuba, and Germany.

The jurisdiction of this Court is not questioned. Rather respondent and claimant move this Court to exercise its discretion, and thereby decline jurisdiction and dismiss the libel, on the ground that the parties have agreed to jurisdiction in the Courts of Hamburg, and upon the ground of *forum non conveniens*.[1]

While jurisdictional agreements of this kind have, at times, been denied enforcement,[2] the rule in this Circuit is to hold them "invalid only when unreasonable".[3]

A consideration of the reasonableness of such a provision, is so closely related to the issue of *forum non conveniens* that they may well be considered together. See Murillo LTDA v. Bio Bio, The Paraguay, The Argentina, D.C.S.D.N.Y., 127

1. Canada Malting Co. v. Paterson Steamships Ltd., 1932, 285 U.S. 413, 52 S.Ct. 413, 76 L.Ed. 837; Charter Shipping Co. v. Bowring, Jones & Tidy, 1930, 281 U.S. 515, 50 S.Ct. 400, 74 L.Ed. 1008.

2. St. Paul Fire & Marine Ins. Co. v. The Republica De Venezuela, D.C.S.D.

N.Y.1952, 105 F.Supp. 272; Chemical Carriers, Inc. v. L. Smit & Co.'s Internationale Sleepdienst, D.C.S.D.N.Y., 1957, 154 F.Supp. 886.

3. Krenger v. Pennsylvania R. Co., 2 Cir., 1949, 174 F.2d 556, 561; II Restatement of Contracts, § 558 (1932); Wm. H. Muller & Co. v. Swedish American Line,

F.Supp. 13 affirmed, 2 Cir., 1955, 227 F.2d 519.

Movant relies upon the absence of any factor connecting the instant litigation to the United States, and points out in addition that two important witnesses, the master and the chief officer of the S.S. Tinnum at the time of the voyage in question, while readily available in Hamburg, are not expected to come to a United States port in the foreseeable future. Further it argues that libellant will not be prejudiced by litigating in Germany since it offers to stipulate that the period within which suit may be brought will be extended for three months after final determination of the instant motion, and, movants underwriters will execute a letter of security with respect to any and all litigation conducted in the Courts of Hamburg, similar to that now furnished in this Court.

Libellant on the other hand points to the expense involved in a trial before a Hamburg Court wherein all of its testimony would have to be taken by letters rogatory issued out of that court, to Mexico and Cuba. But, admittedly, the witnesses are not subject to compulsory process of this court and their testimony would necessarily be by deposition.

Libellant's principal contention appears to be that under the terms of either the bill of lading on the Hague Convention, he might be unsuccessful in any suit in a German Court, in that he did not timely inform the carrier of his damage at the port of discharge, nor did he make timely claim. But libellant presents nothing but conjecture as to how the Hamburg Courts may interpret these terms. Moreover, it is not at all clear that the result would be different in this Court. The Carriage of Goods by Sea Act [4] is not applicable to this suit,[5] and for this Court to enforce the terms of the bill of lading or of the Hague Convention would not necessarily violate the public policy of the United States. Comparable terms have been enforced in the past,[6] and their enforcement would not now contravene public policy merely because the Carriage of Goods by Sea Act contains different provisions.[7] In light of the facts of this case the agreement made by the parties as to jurisdiction is not unreasonable.[8] The element of possible difference in expense to libellant, in this forum as against that of Hamburg, is not sufficient to persuade this court that movants should be denied the relief they seek.[9]

The Courts of Hamburg are open to libellant; they are in the best position to interpret the controlling German law;[10] there is no contention that they are not capable of adjudicating this case fairly and justly.

Motion granted.

2 Cir., 224 F.2d 806 certiorari denied 1955, 350 U.S. 903, 76 S.Ct. 182, 100 L.Ed. 793.

4. 46 U.S.C.A. § 1300 et seq. (1958).

5. " * * * [F]or the carriage of goods by sea to or from ports of the United States * * *" 46 U.S.C.A. § 1300 (1958).

6. See T. M. Duche & Sons v. Lloyd Mediterraneo, D.C.E.D.N.Y.1928, 31 F. 2d 496, affirmed 2 Cir., 1929, 31 F.2d 1010; Schnell v. United States, 2 Cir., 1929, 30 F.2d 676.

7. See Government of Indonesia v. The General San Martin, D.C.S.D.N.Y.1953, 114 F.Supp. 289.

8. The exclusionary clauses of the bill of lading seem clearly applicable to suits in rem., Cf. Carbon Black Export, Inc. v. The S.S. Monrosa, 5 Cir., 1958, 254 F.2d 297, and the considerations of "reasonableness" are not in any way altered by the fact that the instant action is brought in rem as well as in personam. See, e. g., Murillo LTDA (supra).

9. Wm. H. Muller (supra); Cerro De Pasco Copper Corp. v. Knut Knutsen, 2 Cir., 1951, 187 F.2d 990; United States Merchants' & Shippers' Ins. Co. v. A/S Den Norske Afrika OG Australie Line, 2 Cir., 1933, 65 F.2d 392.

10. Cf. Sociedade Brasileira De Intercambio Comercial E Industrial, Ltda. v. S.S. Punta Del Este, D.C.D.N.J.1955, 135 F.Supp. 394.