**TRANSCONTINENTAL COMMODITIES, INC., Libellant,**

v.

**ITALNAVI SOCIETA DI NAVIGAZIONE PER AZIONI–GENOVA, Respondent.**

United States District Court
S. D. New York.
Feb. 16, 1959.

Kirlin, Campbell & Keating, New York City, for libellant.

Hill, Betts & Nash, New York City, for respondent.

WEINFELD, District Judge.

This action was commenced by libellant to recover damages incurred by reason of respondent's alleged misdirection of shipments of cocoa cake.

The respondent moves that this Court decline jurisdiction principally upon the ground that the bills of lading covering the goods in question provide for a waiver of jurisdiction in favor of the courts of Genoa, Italy, under the Italian Code of Navigation; the respondent also seeks relief on the ground of forum non conveniens.

The respondent is a corporation of the Republic of Italy. The libellant is a New York corporation doing business in this district.

The action has its genesis in two shipments of 715 bags each of cocoa cake by a Brazilian merchant. The goods were loaded aboard the respondent's vessel at Ilheus, Brazil and their destination was Rijeka, Yugoslavia. The respondent issued two separate bills of lading covering the shipments. One shipment had a higher butter fat content than the other.

While the vessel was en route to Genoa, the libellant became the holder in due course of the bills of lading and the shipments covered thereunder. The libellant and the respondent then arranged that the goods be landed at Genoa instead of at the originally designated Yugoslavian port. The libellant issued instructions to respondent for the transshipment from Genoa of half of the cargo to a consignee in Haifa, Israel and for the other half to two consignees, one in New York and the other in San Francisco. The respondent at Genoa delivered the goods to other steamship carriers for shipment to those consignees, and three bills of lading were issued by the ultimate carriers.

As a result of misdirection (the responsibility for which is disputed) the shipment containing the higher butter fat content was delivered to the consignees in the United States and that with the lower content to the Israeli consignee. Differences in taste and diet make the shipments less valuable in the respective countries. In consequence libellant made good to the consignees the diminution in value of the merchandise and upon refusal of the respondent to repay it, this suit was commenced.

The respondent's motion rests principally upon two clauses in the bills of

lading issued to the Brazilian merchant when the goods were received at Brazil for carriage and delivery to Yugoslavia. These provide:

"Clause 35. All claims for indemnity in respect of damage, shortage, deterioration or loss of goods loaded must be filed with the Owners' Agents at discharging port for amicable settlement. Failing amicable settlement either the Shipper or the Receiver, if it intends to take legal steps against the Owners, may bring a suit against them in Genoa Court—the Shipper or any other party interested in the cargo expressly renouncing the jurisdiction of any other Court—within the time-bar limit of six months from the day of arrival or expected arrival of the vessel at the port of destination.

"Clause 36. In respect of all matters not specifically covered by this Bill of Lading the provisions of the Italian Code of Navigation shall apply."

Libellant claims that these provisions are inapplicable and not binding upon it. It urges that when, by mutual agreement, the goods were landed at Genoa instead of at the Yugoslavian port designated in the original bills of lading, the contract of carriage reflected by the bills of lading was terminated; that the instructions by libellant to, and acceptance by, respondent for the shipment of the goods from the dock at Genoa to other destinations, followed by respondent's delivery of the goods to other carriers for final shipment, constituted an entirely new agreement between libellant and respondent.

The libellant further contends, assuming arguendo that the terms of the bills of lading are binding upon it, that the waiver of jurisdiction clause does not apply to the claim asserted in the libel.

Here its position is that the present suit is not one for "damage, shortage, deterioration or loss", as specified in Clause 35, that is, for physical damage to the goods, but rather for negligent misdirection of the goods. Thus the libellant urges that Clause 35 is specifically limited to the enumerated claims and that if it were interpreted so as to require prosecution in Genoa of any and all claims arising out of the performance or nonperformance of the contract of carriage, including that asserted by the libellant, it would be unreasonable and unenforceable.

■ It is unnecessary to reach the question of whether the clauses in the bill of lading are unreasonable; neither is it required on this motion to pass upon libellant's contention that the provisions in the bill of lading are not binding upon it, and if so whether the present suit is a claim within the embrace of Clause 35. Sufficient appears to indicate there is substance to libellant's position that the bill of lading is not binding upon it and if its position should be upheld, the major premise of the respondent's motion would fall. Whether or not the original bills of lading control depends upon the nature of the agreement the parties entered into with respect to the diversion of the shipments from their original destination and the various circumstances and events under which the respondent delivered the goods at Genoa to another carrier which then issued bills of lading covering the shipments from there to Haifa, San Francisco and New York.[1] In this circumstance, to decline jurisdiction would be to remit libellant to the very forum, the jurisdiction of which it asserts it never consented to and, as a practical matter, would be to resolve, solely upon affidavits, the fundamental and disputed issue adversely to it. It is one thing to relegate a party to another forum when he unequivocally and freely assented thereto;[2]

---

1. Cf. St. Paul Fire & Marine Ins. Co. v. Republica De Venezuela, D.C.S.D.N.Y., 105 F.Supp. 272.

2. Cf. Wm. H. Muller & Co. v. Swedish American Line, Ltd., 2 Cir., 224 F.2d 806, certiorari denied 350 U.S. 903, 76 S.Ct. 182, 100 L.Ed. 793.

it is quite another thing to force him there when the issue of his assent is disputed and remains unresolved.

Finally, as to respondent's further plea for a dismissal on the ground of forum non conveniens, the moving papers do not adequately establish that the balance of convenience so strongly preponderates in the respondent's favor that the Court should disturb the libellant's choice of forum.[3]

The motion is denied.

---

3. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055.