Oscar **HERNANDEZ**, Libellant,

v.

**KONINKLIJKE NEDERLANDSCHE STOOMBOOT MAATSCHAPPIJ N.V., and S.S. HECUBA, her engines, boilers, etc., Respondents.**

No. 64 Ad. 511.

United States District Court
S. D. New York.
Aug. 23, 1965.

Poles, Tublin & Patestides, New York City, for libellant.

Burlingham, Underwood, Barron, Wright & White, New York City, for respondents.

CANNELLA, District Judge.

Motion by the respondent, Koninklijke Nederlandsche Stoomboot Maatschappij N.V., to dismiss the libel is granted upon the conditions hereinafter set forth.

The underlying dispute in this case involves an action for cargo damage. The libellant, a Costa Rican resident, seeks to recover for alleged damage to seven packages said to contain his personal effects, which were shipped from San Juan, Puerto Rico to Puerto Limon, Costa Rica. The cargo was transported on board the S.S. Hecuba, a ship owned and operated by the respondent. The respondent is, and was at the time in question, a corporation of the Netherlands, with its principal office located in Amsterdam. The corporation also maintains an office in New York City, headed by James F. Spahn who supervises the activities of various claims agents of the respondent who are stationed at its ports of call in Canada and the United States. The bill of lading under which the cargo was shipped provided in pertinent part: "Jurisdiction. All actions under the present contract shall be brought before the Court at Amsterdam."

The respondent maintains that the court should decline to exercise its jurisdiction in view of the provision in the contract of carriage requiring the libellant to institute his suit in Amsterdam. The contention is also made that this court lacks jurisdiction over the subject matter of the action since any adjudication here would constitute an unreasonable burden of foreign commerce in violation of the "commerce clause" of the Constitution (U.S.Const., Art. 1, § 8, cl. 3).

It is the libellant's position that the contract provision is invalid and that the "commerce clause" is not relevant to the case at bar. As a second line of defense, the libellant maintains that the relief requested by the respondent cannot be granted prior to a determination of the exact nature of the activities conducted by the company in New York.

■ As to the first issue, namely the validity of the contract provision, recent case law clearly indicates that an agreement dictating the forum in which any future adjudication of the parties' respective rights and obligations shall occur, is enforceable if reasonable. William H. Muller & Co. v. Swedish American Line, Ltd., 224 F.2d 806 (2d Cir. 1955); Pakhuismeesteren, S.A. v. S.S. Goettinger, 225 F.Supp. 888 (S.D.N.Y. 1963); Takemura & Co. v. S.S. Tsuneshima Maru, 197 F.Supp. 909 (S.D.N.Y. 1961). The libellant in the case at bar, who challenges the provision to which he previously assented, has the burden of proving its unreasonableness. Takemura & Co. v. S.S. Tsuneshima Maru, supra at 912. The relevant factors as to this issue are similar to those involved in deciding a question of forum non conveniens (Takemura & Co. v. Tsuneshima Maru, supra; Murillo Ltda. v. The Bio Bio, The Paraguay, The Argentina, 127 F.Supp. 13 (S.D.N.Y.), aff'd 227 F.2d 519 (2d Cir. 1955)), and include the availability of witnesses (Takemura & Co. v. S.S. Tsuneshima Maru, supra; Nieto v. S.S. Tinnum, 170 F.Supp. 295 (S.D.N.Y.1958)), and the ability of the foreign forum to adjudicate the matter fairly. Takemura & Co. v. S.S. Tsuneshima Maru, supra. See generally Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).

■ The personnel of the S.S. Hecuba, who are potential witnesses concerning the care and custody afforded the libellant's shipment during the voyage in question, are residents of the Netherlands, speak the language of the Netherlands and can be made readily available in that forum for the purpose of testifying. Any possible witnesses not within the employ of the respondent, such as independent loading and unloading personnel, would in all likelihood be residents of Puerto Rico and Costa Rica. Assuming the existence of such witnesses, although the travel time to New York would be less than that to the Netherlands, the time differential would not be so disproportionate as to make the Netherlands an inconvenient forum. The libellant does not claim that any potential witnesses are located in New York. Possibly the respondent's claim agents in New York will be called upon to testify. Since any resulting inconvenience and additional expense will be borne by the respondent, which has indicated its desire to abide by the terms of the carriage contract, this possibility should not upset the agreement. The libellant has failed to prove that the availability of potential witnesses renders the Netherlands forum unreasonable.

The libellant has not suggested that a court in Amsterdam will be incapable of fairly determining its suit for cargo damage. See Takemura & Co. v. S.S. Tsuneshima Maru, supra, 197 F.Supp. at 913 and cases cited therein. The respondent has agreed to waive any defense of time limitation if the libellant will institute suit in an Amsterdam court within six months of the disposition of the present motion.

■ Parenthetically, since the respondent's motion is granted, its claim that a retention of jurisdiction by this court would be a violation of the "commerce clause" need not be considered. Also it should be mentioned that the libellant's insistence that the uncertainty regarding the precise scope of the respondent's operations in New York precludes the granting of this motion is ill-founded. Because of the location of potential witnesses and the unchallenged capacity of an Amsterdam tribunal to fairly adjudicate the matter, the libellant has failed to prove the unreasonableness of the contract term. Even if further inquiry would disclose that the respondent's New York office holds the records pertinent to this case, and has a large staff capable of defending this action, the court's determination would not be altered.

■ Neither party is an American citizen. The only contacts with the United States are the respondent's claim office in New York and the origin of the shipment from an American port, i. e.,

Puerto Rico. These facts alone clearly do not require the court to declare invalid the parties' prior agreement and to retain jurisdiction over the action. See Pakhuismeesteren S.A. v. S.S. Goettinger, supra.

The motion is granted on condition that (1) if the libellant begins an action in an Amsterdam court within six months from the filing of an order consistent with this opinion, the respondent shall waive the statute of limitations, and (2) if, despite the waiver, the Amsterdam court refuses to entertain the action on the ground that it is not timely, the libellant may then begin a new action in this court within six months after such determination of the Amsterdam court and the respondent shall waive the defense of statute of limitations in such new action. If these conditions are not acceptable to the respondent, the motion will be denied.

Submit order in accordance with this opinion.