INDUSSA CORPORATION, Libelant,

v.

S. S. RANBORG, her engines, boilers, etc.,
Respondent.

No. 65 AD. 328.

United States District Court
S. D. New York.

Sept. 8, 1966.

Adhered to on Reargument
Nov. 18, 1966.

William R. Vincent, New York City, for libelant.

William A. Wilson, New York City, for respondent.

## MEMORANDUM

TENNEY, District Judge.

Claimants, as alleged owners of S. S. "RANBORG", (hereinafter referred to as "RANBORG") move herein for an order declining jurisdiction of this suit for cargo damage. The facts out of which this litigation arises are as follows:

Libelant, a New York corporation, was the consignee of a shipment of nails and barbed wire which was delivered to RANBORG in Antwerp, Belgium, for delivery to San Francisco, California. Each bill of lading states that the goods were in "apparent good order and condition." Libelant alleges that upon receipt in San Francisco, the cargo was rusted and depreciated in value. A libel *in rem* was filed against the vessel and claimants intervened as her sole owners.

In seeking an order of this Court declining jurisdiction, claimants rely on clause 3 of each bill of lading which provides:

> Any dispute arising under this Bill of Lading shall be decided in the country where the Carrier has his principal place of business, and the law of such country shall apply except as provided elsewhere herein.

Libelant does not dispute that the carriers were the owners of the vessel and that said owners have their principal place of business in Norway. Accordingly, claimants seek to have libelants pursue their remedy in the Courts of Norway and allege that the same security posted in this suit in lieu of arrest of the vessel will be posted in Norway. Claimants further state that if libelants are relegated to suit in Norway they will not raise the one-year statute of limitations of The Carriage of Goods by Sea Act, 49 Stat. 1208–1212 (1936), 46 U.S.C. §§ 1303–1306 (1964), or the corresponding provision of the Hague Rules in force in Norway provided libelant commences suit in Norway within 60 days after the filing of an order of this Court declining jurisdiction.

Libelant claims that the jurisdiction clause should not be enforced because, *inter alia*, libelant is a New York corporation, proof of damages is available only in the United States, and New York is the most convenient forum since the ship is frequently within the waters of this state.

It is well settled in this Circuit that this Court in its discretion can enforce a jurisdiction clause such as is present here and relegate the suit to the jurisdiction agreed upon if libelant does not show that the clause is unreason-

able. Wm. H. Muller & Co. v. Swedish Am. Line, Ltd., 224 F.2d 806, 56 A.L.R. 2d 295 (2d Cir.), cert. denied, 350 U.S. 903, 76 S.Ct. 182, 100 L.Ed. 793 (1955); Hernandez v. Koninklijke Nederlandsche Stoomboot Maatschappij N.V., 252 F. Supp. 652 (S.D.N.Y.1965); Takemura & Co. v. The S.S. Tsuneshima Maru, 197 F. Supp. 909 (S.D.N.Y.1961); Murillo Ltda. v. The Bio Bio, 127 F.Supp. 13 (S.D. N.Y.), aff'd per curiam, 227 F.2d 519 (2d Cir. 1955). The effect of such a clause is not to oust this Court of jurisdiction. Indeed, the Court is exercising its jurisdiction by declining to entertain the suit. Wm. H. Muller & Co. v. Swedish Am. Line, Ltd., supra, 224 F.2d at 808; Cerro de Pasco Copper Corp. v. Knut Knutsen, O.A.S., 187 F.2d 990 (2d Cir. 1951).

In *Muller*, supra, libelant, a New York corporation was the consignee of a shipment of cocoa beans being transported from Sweden to Pittsburgh, Pa. The carrier was a Swedish corporation and the bill of lading provided that claims against the carrier arising under the bill shall be decided in Sweden according to Swedish law. The vessel was lost at sea and a libel was filed in this Court. This Circuit held that the Trial Judge did not abuse his discretion in declining jurisdiction. The factors relied upon by the Court were: (1) the vessel was Swedish built and owned; (2) all crew members resided in Sweden; (3) Swedish Courts applied the same measure of damages as United States Maritime Courts; and (4) libelant failed to allege that the Swedish Courts could not adjudicate the dispute fairly.

Comparing these factors to those of the case at bar, I observe:

(1) The vessel was Norwegian owned. Although RANBORG was built in Texas in 1943, this would have little bearing on the issue of seaworthiness in 1963.

(2) By claimants' uncontested affidavit, 26 of the 33 members of the crew at the time of the alleged damage resided in Norway, 5 resided in nearby Denmark, and the remaining two were residents of England and Belgium. It is true that, in this case, testimony of the crew as to seaworthiness is not as important as in *Muller* where the vessel sank. However, this factor cannot be discounted entirely, as libelant attempts to do, since evidence of cargo handling and operations aboard the vessel will still have to be introduced. See Aetna Ins. Co. v. The Satrustegui, 171 F.Supp. 33, 35 (D.P.R.), rev'd on rehearing on other grounds, 174 F.Supp. 934 (1959). Additionally, the effect of the bill of lading that the goods were received in "apparent good order and condition" is only to establish prima facie the external condition of the goods shipped, and testimony will be required from Antwerp to show that the goods were actually in good order and condition when received by RANBORG. The Niel Maersk, 91 F.2d 932 (2d Cir.), cert. denied, 302 U.S. 753, 58 S.Ct. 281, 82 L.Ed. 582 (1937); see Karabagui v. The Shickshinny, 123 F.Supp. 99 (S.D. N.Y.1954), aff'd sub nom. Kupfermann v. United States, 227 F.2d 348 (2d Cir. 1955) (per curiam). I therefore cannot accept libelant's contention that the majority of the witnesses are available in the United States. It is true that the witnesses testifying to the damage issue are for the most part to be found in California. But there is no showing that the witnesses testifying to liability are in the United States. In fact, it is not contested by libelant that few of RANBORG'S crew at the time of the shipment are presently sailing on that vessel. Accordingly, libelant's contention that the ship frequently visits New York has no bearing on this case.

(3) By the uncontested affidavit of a Norwegian attorney, it appears that the Norwegian Courts will apply the same measure of damages as would this Court.

(4) Libelant does not allege that the Norwegian Courts are incapable of fairly adjudicating this dispute.

However, *Muller* is to some extent different than the instant case. First, in *Muller*, the vessel sailed from the country whose law was to be applied; thus there is an additional "contact"

with that jurisdiction. In addition, since the vessel sank, testimony of the crew as to the cause and as to the seaworthiness was more important than in the case at bar. But, where a jurisdiction clause is present it is insufficient that libelant show that the forum in which suit is brought is more reasonable; it must show that the forum agreed to in the jurisdiction clause is unreasonable. Wm. H. Muller & Co. v. Swedish Am. Line Ltd., supra; Hernandez v. Koninklijke Nederlandsche Stoomboot Maatschappij N.V., supra; Takemura & Co. v. The S.S. Tsuneshima Maru, supra; Murillo Ltda. v. The Bio Bio, supra. See generally Comment, Stipulations Ousting Admiralty Courts of Jurisdiction, 28 Fordham L.Rev. 506, 507–08 (1959). The factors set forth in libelant's memorandum in opposition to this motion do not show that the jurisdiction agreed upon was unreasonable and, accordingly, I find that libelant has failed to sustain its burden of proving the agreement unenforceable.[1] Takemura v. The S.S. Tsuneshima Maru, supra, 197 F.Supp. at 912.

██ Libelant further claims that even if the jurisdiction clause is not unreasonable, it does not apply to the case at bar because this is an *in rem* action and not a dispute arising under the bill of lading. It is inconceivable that libelant has any claims other than under the bill of lading. Paragraph Six of the libel states that "Libelant has duly performed all the valid conditions precedent of the contract of carriage on its part to be performed." No contract of carriage other than the bills of lading has been shown to exist between the parties and, consequently, any attempt to create a different agreement must fail. Libelant's argument is based on the holding of the Supreme Court in dismissing certiorari in The Monrosa v. Carbon Black Export, Inc.,

359 U.S. 180, 79 S.Ct. 710, 3 L.Ed.2d 723 (1959). In that case, the bill of lading provided that, "no legal proceedings may be brought against the Captain or Shipowners or their Agents in respect to any loss of or damage to any goods * * * except in Genoa * * *." The Court held that because the language of the bill of lading was limited to named persons, it did not apply to actions *in rem*. Mr. Justice Brennan, writing for the majority, refused to stretch the language of the form contract, where the drafter could easily have included the provision and failed to do so. In the case at bar, however, the clause is much broader, calling for the submission of *any* dispute to the Norwegian Courts. Accordingly, I conclude that *Monrosa* supra, is not controlling and that the clause contemplated *in rem* as well as *in personam* disputes.

██ All other authority submitted by libelant has either been clearly distinguished by claimants' reply memorandum or serves only to show that there might be some reasonable forum other than Norway. The availability of another reasonable forum is not in issue, however. Hence, I find that this case is within the standards for declining jurisdiction suggested by this Circuit in *Muller*. I feel, however, that claimants' consent to waiver of the statute of limitations if libelant commences action in Norway within 60 days gives libelant too short a period of time to decide upon its course of action.

Accordingly, the motion is granted on condition that (1) if the libelant commences action in a Norwegian Court within 120 days from the filing of an order consistent with this opinion or within 120 days of a final order should an appeal be taken, the claimants shall waive the statute of limitations and post the

---

1. Libelant sets forth nine factors which it claims tend to show United States contacts with the action. Some of these are clearly not controlling (e. g., the bill of lading is in English, shipment was not loaded or discharged in Norway), others merely show contacts with some United States jurisdiction other than New York (e. g., discharge of shipment in San Francisco, availability of witnesses in San Francisco). Only one factor—libelant's citizenship—is a New York contact. Further, none of the criteria enumerated indicates that the clause 3 provision is unreasonable.

same security posted in this suit; and (2) if, despite the waiver, the Norwegian Court refuses to entertain the action on the ground that it is not timely, libelant may then commence a new action in this Court within 60 days after such determination of the Norwegian Court, and the claimants shall waive the defense of statute of limitations in such new action and post the same security as posted in this suit. If these conditions are not acceptable to the claimants, the motion will be denied.

Settle order on notice.

### On Motion for Reargument

■ Libelant has moved for an order granting leave to reargue a decision of this Court which granted respondent's motion to dismiss. Libelant further requests that if the said order be granted, leave should be granted to rehear respondent's motion. Respondent attacks the jurisdiction of this Court to hear libelant's motion because notice of appeal from my order was filed with the Clerk of this Court on October 6, 1966.

"The effect of pending * * * appeals on the power of the trial court to grant relief * * * is not free from doubt." 3 Barron & Holtzoff, Federal Practice & Procedure § 1332, at 435 (Wright ed. 1958). This Circuit, while holding that the district court is ousted of jurisdiction by the docketing of an appeal (Ryan v. United States Lines Co., 303 F.2d 430, 434 (2d Cir. 1962)), did not pass upon the question presented to this Court: Whether jurisdiction is lost merely by the filing of the notice of appeal. Id. at 434, n. 1. It is my opinion that this Court has jurisdiction to hear libelant's argument since the record on appeal has not been filed nor the appeal docketed. See also Harper Bros. v. Klaw, 272 F. 894 (2d Cir. 1921). Accordingly, libelant's motion for reargument is granted.

Although Rule 9(m) of the General Rules of this Court provides that where a party has sought reargument no affidavits shall be filed by any party unless directed by the Court, I will consider that the affidavits filed by libelant were in compliance with said Rule in order that the record herein be complete. One of these affidavits has been prepared by a Belgian lawyer and states in essence that the courts of Belgium would not enforce the jurisdictional clause in the bills of lading in question. The issue before the Court, therefore, is whether the law of Belgium is to govern.

■ Libelant contends that Belgian law should apply because the bills of lading were issued in Antwerp. I am of the opinion that this is incorrect. When dealing with contracts which necessarily are concerned with obligations voluntarily undertaken, some presumption is created in favor of applying the law tending toward the validation of the alleged contract. Kossick v. United Fruit Co., 365 U.S. 731, 741, 81 S.Ct. 886, 6 L.Ed.2d 56 (1961). "In cases dealing with the (essential or formal) validity of contracts between parties of equal bargaining power courts have applied any 'proper' law that would validate such contracts * * *." Ehrenzweig, Contracts in the Conflict of Laws, 59 Colum.L.Rev. 973, 1024-25 (1959). It will usually be presumed that the parties to a contract contemplate the application of a law which would uphold the contract, and it cannot be presumed that they intended to submit to a jurisdiction whose law would defeat it. Pritchard v. Norton, 106 U.S. 124, 1 S.Ct. 102, 27 L.Ed. 104 (1882); cf. Lauritzen v. Larsen, 345 U.S. 571, 588-589, 73 S.Ct. 921, 97 L.Ed. 1254 (1953). See also Perrin v. Pearlstein, 314 F.2d 863 (2d Cir. 1963). Hence, I find that Belgian law is not to be applied.

All of libelant's other contentions were duly considered by the Court in reaching the original decision.

Accordingly, after due consideration upon reargument, the Court adheres to its decision of September 8, 1966.

It is so ordered.